## Case No. 1,928.

### BRONSON v. KEOKUK.

### ETHRIDGE v. EIGHMEY.

[2 Dill. 498;[2] 6 Am. Law T. Rep. 409; 7 West. Jur. 320.]

Circuit Court, D. Iowa. 1873.

WRITS—SERVICE BY PUBLICATION — ACT OF JUNE 1, 1872, CONSTRUED.

1. The act of June 1, 1872 (17 Stat. 198, § 13), authorizes, in certain cases, the courts of

[1] [Reported by Hon. John McLean, Circuit Justice.]
[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the United States to exercise jurisdiction in equity over the property of absent defendants within the district where the suit is brought; but the act recognizes the superiority of personal over constructive service, and the practice under the act should be such as to secure personal service whenever this is practicable, and to resort to constructive service by publication only when the better mode is not practicable within a reasonable time, and by the exercise of reasonable diligence.

[See Butler v. Young, Case No. 2,245.]

2. The order directing the absent defendant to appear, plead, etc., must be made by the court in term.

[Cited in Batt v. Procter, 45 Fed. 516.]

These are suits in equity to enforce certain equitable rights against the real estate described in the respective bills of complaint. The suits have been commenced since the last term, and subpoenas in chancery returnable to the March rules, 1873, have been issued and served upon certain of the defendants, and returned by the marshal "Not found" as to the remaining defendants. An application is made, under section 13 of the act of June 1, 1872 (17 Stat. 198), at rules, and before the next term after the suit was brought, for an order of publication of the subpoenas in chancery, against the defendants whom the marshal returns as not found within the district.   [Denied.]

Brown & Dudley, for complainants.

DILLON, Circuit Judge.   The act of June 1, 1872 (17 Stat. 198, § 13), is the first statute enacted by congress giving to the circuit court the power to make service or acquire jurisdiction for any purpose, by publication; and the right which that statute gives to make service in this manner, is limited to suits in equity to enforce liens or claims against real or personal property within the district. If, in such a suit, any of the defendants are not inhabitants of the district, or are not found within it, or shall not voluntarily appear to the cause, the provision of the statute is, that the court may make an order directing such absent defendant to appear, plead, etc., to the bill, at a certain day, to be fixed by the court in the order itself. This order the statute requires to be made by the court, and hence the present application is premature. We cannot know that the defendants, returned as "Not found," may not voluntarily appear at the return term. If they do not, the court, upon proper showing and application, can make the order above mentioned, to appear, plead, etc., and designate the day when this shall be done. Now, the statute provides that this order shall be served upon the absent defendant, if practicable, wherever found. The object of service is to give notice; and the superiority of personal service over constructive service in effecting this object is so manifest as to require no remark, and is recognized by the statute itself. If practicable, says the statute, personal service of the order must be made upon the absent de-

fendant, wherever found; and it is only in cases where such personal service is not practicable, that the statute contemplates that the court shall direct a publication of the order. How is the court to know whether it is practicable to make personal service? This may be ascertained by requiring the complainant, or his attorney or agent, most conversant with the facts, to make a showing on oath as to the residence of absent defendants. If from this it appears that such defendant resides in another district, service upon him may be directed to be made by the marshal of that district; and perhaps, in such a case, the court might make a special order directing or authorizing service by some other officer. If, from the showing, it appears to the satisfaction of the court that the residence of the absent defendant is not known to the complainant, or his agent or attorneys, and cannot, by reasonable diligence, be ascertained (and on this subject the affidavits should state facts, and not mere conclusions), personal service of the order may as well be said not to be practicable, and then the court may direct the order to appear and plead to be published in such manner as it shall deem most likely to give the desired notice.

It would appear to be a proper practice for the bill to aver the citizenship and residence of the respective defendants; to let the subpoena issue against all, and if the marshal return some of them not found, and they do not voluntarily appear, the court, on a showing of these and the necessary facts, as before stated, by affidavit, will make the order to appear and plead, and direct the mode of serving the same. The practice, under the act, should be such as to secure personal service in all cases where the residence of the absent defendant is known, or can be ascertained; and to substitute or resort to constructive service by publication only where the better mode is not practicable within a reasonable time, and by the exercise of reasonable diligence. Application denied.

NOTE [from original report]. Construction of act of June 1, 1872, see Schwabacker v. Reilly [Case No. 12,501]; Hall v. Union Pac. R. Co. [Id. 5,950].