FORSYTH and another *v.* PIERSON and others.

(*Circuit Court, D. Indiana.* January 17, 1882.)

1. ORDER FOR APPEARANCE OF NON-RESIDENT DEFENDANTS IN CERTAIN EQUITY SUITS UNDER SECTION 8, ACT OF MARCH 3, 1875, (18 ST. AT LARGE, 472.)

A marshal's return of "not found" in the district where the suit is brought is not a condition precedent to the making of the order contemplated by the act of March 3, 1875, § 8, (18 St. at Large, 472.) Such order may be made upon a proper showing by affidavit alone.

2. SAME—RETURN-DAY.

The court may, in such order, fix any day certain for the appearance of the non-resident defendant, and is not limited to the usual rule-days in equity.

3. SAME—SERVICE OF.

Such order is not a "subpœna" or "process" within the meaning of rule 15 or 17, requiring service by the marshal or his deputy of the district where the suit is brought, or by some one specially appointed therefor by the court. No particular mode of service or proof thereof is prescribed by the act. Service by the marshal or his deputy of the district whereof the non-resident defendant is an inhabitant, or wherein he is found, and the return thereof in the usual form or by affidavit, are sufficient.

In Chancery.

*J. R. Doolittle, Jr.,* and *McDonald & Butler,* for complainants.

*Baker, Hord & Hendricks,* for intervening petitioners.

*Grant, Swift & Bradley,* for defendants.

GRESHAM, D. J. The complainants filed their bill of complaint against the defendants on the eleventh day of November, 1881, to enforce their right to redeem certain real estate, situated in Indiana, from a mortgage, both of which are described in the bill. At the same time the East Chicago Improvement Company filed its intervening petition setting up that it was the owner of the mortgaged premises by mesne conveyances from the complainants, who were the mortgagors, and that it desired to make various permanent and expensive improvements upon the premises, which could not be made while the mortgage remained upon the property. The petitioner paid into court $75,000, which, added to $135,000 already paid in by the complainants, was, the petitioner averred, more than sufficient to pay the amount that was claimed to be due upon the mortgage. The prayer of the intervening petition was that the lien of the mortgage should be transferred from the lands to the fund in the registry of the court, and that the mortgagees should be decreed to enter satisfaction of their mortgage.

At the time the bill and intervening petition were filed, J. R. Doo-

little, Jr., Esq., one of the complainants' solicitors, filed his affidavit describing the complainants' cause of action, and stating that John O. Pierson, one of the defendants, was a resident of the city of Chicago and state of Illinois; that the Continental Life Insurance Company was a citizen of the state of Connecticut, and that certain other defendants were citizens of Boston, in the state of Massachusetts; that neither said non-resident defendants, nor either of them, could be found in the district of Indiana, nor did they, or either of them, voluntarily appear to the complainants' bill of complaint. On the information contained in this affidavit the court entered an order that the defendants named in the affidavit appear and plead, answer or demur, to the bill and intervening petition on or before the seventh day of December, 1881, and that a copy of the order should be served upon each of such defendants. Certified copies of this order and the bill of complaint and intervening petition were served upon the Continental Life Insurance Company, in Connecticut, on the sixteenth day of November, 1881, by the marshal for the district of Connecticut.

Samuel C. Hays, in an affidavit in which he describes himself as deputy United States marshal for the northern district of Illinois, swore that he made similar service on John O. Pierson on the same day. And B. B. Johnson made affidavit of similar service at Boston on the seventeenth day of November, 1881, on the defendants, who were citizens of that place, describing himself as deputy marshal for that district. Mr. Johnson also indorsed the usual return of service upon the certified copies of the order, bill, and intervening petition, which were placed in his hands as deputy United States marshal for the district of Massachusetts.

The defendants now appear specially and move to set aside the order of the court and the service of the same, for the reason that the order was prematurely made; that it was not based upon proper information; that the day designated for the defendants to appear and plead was not a rule-day; that the service should have been by the marshal of this district, or by a person specially named in the order to make the service; and that the intervening petition is not such a proceeding as is contemplated by the act of March 3, 1875. This act provides that when any defendant in a suit in equity to enforce any equitable lien or claim against real or personal property in the district where the suit is brought is not an inhabitant of nor found within the district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear and plead, answer or demur, to the complainant's

bill on a certain day therein to be designated; and the said order shall be served on such absent defendant wherever found, or where such personal service is not practicable shall be published in such manner as the court shall direct. If the absent defendant fails to appear and plead within the time limited, the court is authorized to entertain jurisdiction and proceed to the hearing of the suit.

The act is silent on the subject of the evidence that will authorize the making of an order for substituted service. The marshal's return to a subpœna that one or more of the defendants cannot be found within the district would, no doubt, authorize the court to enter such an order. But this is not the only evidence that will authorize the court to enter an order for substituted service. An affidavit such as was produced in this case is sufficient evidence that the defendants named in it are not inhabitants of the district. When it is made to appear at the commencement of the suit, or at any subsequent time, that a defendant is not an inhabitant of the district, and cannot be found within it, and will not, or does not, voluntarily appear to the suit, an order may be entered specifying a day for such defendant to appear and plead, answer or demur. It is not necessary to wait and see if the absent defendant will not voluntarily enter his appearance, or that he may be found and personally served with process in the district. It is urged that equity rule 17 fixes the appearance-day for defendants in all equity cases. "The appearance-day of the defendants," says this rule, "shall be the rule-day after the subpœna is made returnable, provided he has been served with the process 20 days before that day. Otherwise his appearance-day shall be the next rule-day succeeding the rule-day when the process is returnable."

The act says the absent defendant shall be ordered to appear on a day to be designated in the order—not on a rule-day. And, furthermore, the order for the appearance of the absent defendant is not a subpœna or process within the meaning of rule 17 or rule 15, which provides that the service of all process, mesne and final, shall be by the marshal of the district, or by his deputy, or by some other person specially appointed by the court for that purpose. The language of the act is: "And the said order shall be served on such absent defendant, if practicable, wherever found; or, when such service is not practicable, shall be published in such manner as the court shall direct." The order is nowhere referred to as process, and no particular service or proof of service is required. The residence of each of the absent defendants was given in Mr. Doolittle's

affidavit, and it was, therefore, practicable to serve each of them personally with a copy of the order, which was done. I think the act has been sufficiently complied with to give the court jurisdiction over the property described in the bill, and the rights of the absent defendants thereto. If it becomes necessary, the question arising in connection with the intervening petition can be determined hereafter.

Motion overruled.