HICKS et al. v. CRAWFORD COAL & IRON CO. et al.

(Circuit Court, M. D. Tennessee, N. E. D. April 29, 1911.)

No. 16.

COURTS (§ 344*)—FEDERAL COURTS—SERVICE OF PROCESS BY PUBLICATION—CONDITIONS PRECEDENT.

Under Judiciary Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), which provides that in local actions, where one

or more of the defendants shall not be an inhabitant of or found within the district, the court may make an order directing him or them to appear, "which order shall be served on such absent defendant or defendants if practicable wherever found," and that where such service is not practicable the order may be served by publication, the court is not authorized to direct service by publication, unless it is shown that personal service is not practicable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 344.*]

In Equity. Suit by Phillis A. Hicks and husband against the Crawford Coal & Iron Company and others. On motion by complainant for order of publication as to nonresident defendants. Motion denied.

R. T. Colston and R. B. C. Howell, for plaintiffs.

John F. McNutt and Barthell & O'Connor, for defendants.

SANFORD, District Judge. The complainant's motion for order of publication as to the nonresident defendants must be denied.

Section 8 of the judiciary act of March 3, 1875, provides that when in any suit commenced in any Circuit Court of the United States to enforce any legal or equitable lien upon, or claim to, real property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear, plead, answer or demur by a day certain to be designated, which order shall be served on such absent defendant, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or, where such personal service upon such absent defendant is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. It is clear that under this statute an order of publication is not authorized except where personal service of the order requiring the absent defendant to appear and plead is not practicable.

In the present case it merely appears from the marshal's return that these defendants are not to be found within this district, but from anything that appears to the contrary, if the complainant shall make proper application for an order directing them to appear and plead by a day certain, it might be entirely practicable to serve such order upon them at their places of residence in other districts. See Batt v. Proctor (C. C.) 45 Fed. 515, and In re Burka (D. C.) 107 Fed. 674. In the first-named case it is said that in order to warrant an order of publication the applicant shall distinctly state the known places of residence of the nonresident defendant, or show the diligence used to ascertain the places of residence when unknown, in order that the court may have before it the data to direct personal service in the one case and publication of the order in the other, and there is quoted with approval the language of Judge Dillon in Bronson v. Keokuk, 2 Dill. 498, Fed. Cas. No. 1,928, to the effect that the practice under the act "should be such as to secure personal service

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in all cases when the residence of the absent defendant is known, or can be ascertained; and to substitute or resort to constructive service by publication only where the better mode is not practicable within a reasonable time, and by the exercise of reasonable diligence."

An order will accordingly be entered denying the present motion for order of publication, with costs.