## IN THE MATTER OF SHOHICHI HOSHIDA, AN ALLEGED BANKRUPT.

### June 20, 1914.

*Bankruptcy—Service by publication; prerequisites:* The proper basis for service by publication under Bankruptcy Act, sec. 18, 30 Stat. 551, am. 32 Stat. 798, is an affidavit showing that personal service of process upon the respondent is impracticable, because he is absent from the jurisdiction and cannot be found. The marshal's return of non est inventus is also desirable practice; but whether essential, not involved.

*In Bankruptcy:* Motion for service by publication.

*Carl S. Carlsmith* for petitioners.

CLEMONS, J. The marshal having made a return of inability to find the respondent after due and diligent search, the question arises as to the proper foundation for an order of publication of notice to the respondent to appear and answer this petition in involuntary bankruptcy.

Is the return of non est inventus alone sufficient? It is, according to the dictum of Judge Gresham in *Forsyth v. Pierson,* 9 Fed. 801, 803, that "the marshal's return to a subpoena, that one or more of the defendants cannot be found within the district would, no doubt, authorize the court to enter such an order."

But, for the reasons suggested by Judge Dillon in *Bronson v. Keokuk,* 2 Dill., 498, 4 Fed. Cas. 220, No. 1,928, we prefer the thorough-going practice therein pursued, of having "the complainant, or his attorney or agent, most conversant with the facts, make a showing on oath as to the residence of absent defendants." It is to be noted that the provision of the act of June 1, 1872, 17 Stat. 198, sec. 13, there involved, for service of the warning order "upon the absent defendant, if practicable, wherever found,"

*Bronson v. Keokuk,* supra, 221, is continued in the new statute now in force, Judicial Code, sec. 57, superseding the act of March 3, 1875, 18 Stat. 472, sec. 8.   In any event, the basis of Judge Dillon's ruling, shown in the following excerpt from his decision, would apply to the statute now in force:

"If practicable, says the statute, personal service of the order must be made upon the absent defendant, wherever found; and it is only in cases where such personal service is not practicable, that the statute contemplates that the court shall direct a publication of the order.   How is the court to know whether it is practicable to make personal service?   This may be ascertained by requiring the complainant, or his attorney or agent, most conversant with the facts, to make a showing on oath as to the residence of absent defendants.   If from this it appears that such defendant resides in another district, service upon him may be directed to be made by the marshal of that district; and perhaps, in such a case, the court might make a special order directing or authorizing service by some other officer.   If, from the showing, it appears to the satisfaction of the court that the residence of the absent defendant is not known to the complainant, or his agent or attorneys, and cannot, by reasonable diligence, be ascertained (and on this subject the affidavit should state facts, and not mere conclusions), personal service of the order may as well be said not to be practicable, and then the court may direct the order to appear and plead to be published in such manner as it shall deem most likely to give the desired notice."

See, also Collier, Bankruptcy, 9th ed., 420.

As to other details of practice in service by publication, see *In re McDonald,* ante, p. 221, 30 Am. B. R. 120.

The desired order will issue upon the petitioner's compliance with the practice hereinabove approved.