UBARRI ET AL., Plffs.,

*v.*

RED, KED, AND VILLED ET AL., Dfts.

---

San Juan, Law, No. 1174.

PLEA TO JURISDICTION.

Service by Publication—Substituted Service.
    In a suit affecting real property within the jurisdiction, absent
    IX. Porto Rico.—32.

defendants may be brought in by service by publication, or so-called substituted service, as sovereignties have full control over suits affecting real property within their limits. If it clearly appears from the pleadings or otherwise that a subpœna cannot be served, it is unnecessary to await the marshal's return in order to justify the entry of an order for substituted service.

Opinion filed June 5, 1917.

---

*Messrs. Francis & Soto* for plaintiffs.

*Messrs. Martinez & Iriarte* and *H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

This suit is entitled in ejectment, and is for recovery of an interest in certain real estate, together with damages for retention and incidental relief. It seems, therefore, to come within the principles of § 57 of the Judicial Code, that absent defendants in a suit to enforce a claim to real property may be brought in by publication, or what is sometimes called substituted service. In ordinary judicial proceedings the defendant is brought in by service or process, and the case in question is an exception. To justify such substituted service there must be a special order of court directing such absent defendants to appear by a day certain, to be served upon the parties, if practicable, wherever found, and also upon the person in charge of the property, if any, or where such personal service of the absent defendant is not practicable the order shall be published as the court may direct. In the suit at bar the complaint was filed December 12, 1916, and upon affidavit showing nonresidence the order pre-

Ubarri v. Red.

scribed in § 57 of the Judicial Code was made December 14, requiring appearance on or before February 15, 1917, and also requiring that a copy of this order should be served upon the person in possession or charge of the property, and published in the Times, a paper of general circulation in San Juan.

Objection is made by plea on several grounds. But it seems that the suit is for real property, and comes under said § 57, that the required citation has been made, although not served because the defendants are out of the jurisdiction, and that the order was served upon the person in possession. The return of the marshal does not show that he was in possession, and should be amended to make this clear for purposes of the record, although the plea itself admits that the person in possession was served. That he was not served for a month and a half is not vital, as the case has not yet come on for trial.

Section 57 is an adaptation to Federal practice of the general principle decided in Arndt v. Griggs, 134 U. S. 316, 33 L. ed. 918, 10 Sup. Ct. Rep. 557, that sovereignties have full control over suits affecting real property within their limits. The same is now true of district courts as to real property within their respective districts. It is not necessary to await the marshal's return that a subpœna cannot be served, in order to justify the entry of an order for substituted service. If this fact clearly appears by the pleadings or otherwise, at the commencement of the suit or later, and he does not voluntarily appear, the order spoken of in § 57 may be entered without more. Forsyth v. Pierson, 9 Fed. 801, 803. The plea, therefore, cannot be sustained, and an order will be entered directing the defendants to answer within ten days.

It is so ordered.