[Filed April 13, 1886.]

# R. GERDES AND F. BOTTEFUHR v. GEORGE C. SEARS, SHERIFF.

ATTACHMENT — ORDER OF SALE OF ATTACHED PROPERTY — WAIVER OF LIEN.—In an action where property has been attached, the failure of the judgment entry ordering a sale of the attached property to specifically describe it, does not operate as a waiver of the lien of the attachment.

ATTACHMENT—WHEN EXECUTED—RETURN OF WRIT.—It is the duty of a sheriff, receiving a writ of attachment, to execute the same without delay by attaching the property of the defendant. The writ is fully executed when the officer has attached sufficient property to satisfy the plaintiffs' demand, and costs and expenses; and as soon as that is done, he must return the writ retaining in his hands the property attached.

SAME.—It is unnecessary that the writ should remain in the hands of the officer in order to hold the property.

MULTNOMAH COUNTY.    Plaintiffs appeal.    Reversed.

*F. V. Drake,* for Appellants.

*Raleigh Stott,* for Respondent.

By the COURT.    The appellants commenced an action in the court below against the respondent for an alleged breach of official duty as sheriff of said county. In their complaint therein filed they set forth that theretofore they commenced an action in said Circuit Court against one T. W. Stapleton, to recover a judgment against him for $336.45, and procured to be issued therein a writ of attachment against the property of the said Stapleton, which was duly delivered to the respondent, as such sheriff, for service; that at the time, said Stapleton owned and possessed personal property in said county, not exempt from execution, and subject to levy under said writ, sufficient to fully satisfy such demand; that said respondent, as such sheriff, under and by virtue thereof, did seize, levy upon, and take into his posses-

sion personal property of said Stapleton sufficient to satisfy the demand; that such proceedings were thereafter had in said action that a judgment was recovered in said court in their favor, and against the said Stapleton, for said sum of $336.45, and costs; and that said judgment, among other things, directed and ordered the property attached to be sold, and the proceeds thereof to be applied to the satisfaction of said judgment; that after the levy of attachment by the respondent, the appellants frequently made request to the respondent that he return said writ, with the proceedings indorsed thereon, to the clerk of the said court, together with an inventory of the property so attached, which he neglected and refused to do, and subsequently delivered the writ over to his successor in office without any indorsement or certificate of his proceedings thereunder; and at all times has failed, neglected, and refused, and did still fail, neglect, and refuse, to make an assignment or delivery of any part of the property so levied upon by him under the said writ; that an execution had been issued upon their said judgment, and returned unsatisfied, except as to $31.80; that by reason of the said neglect and default of the respondent, the appellants had been deprived of means to obtain judgment, or satisfaction of their said judgment, to their damage in the sum of $347.15; for which sum they demanded judgment against the respondent. The respondent filed an answer to the complaint, controverting the material allegations alleged therein, and the issues so made came on for trial by jury.

The appellants attempted to prove facts to maintain the issues upon their part, but were not allowed to do so by the court, upon the ground, as we understand, that the appellants' judgment and order of sale did not describe the property to be sold with sufficient certainty, and that this was a waiver of the lien of attachment.

We are unable to agree with the Circuit Court in this view. The gist of the action was the alleged violation of the respondent's official duty as sheriff, whereby the appellants claim to have been injured. The imperfect description of the property attached, in the judgment and order of sale, may have been occasioned by the neglect of the respondent to return the writ of attachment. His counsel contends that he was not compelled to return the writ when requested by the appellants; but this we do not know. Whether he was or not, depended upon whether it had been executed. The statute provides that the writ shall be directed to the sheriff of any county in which property of the defendant may be, and shall require him to attach and safely keep all the property of such defendant within his county not exempt from execution, or so much thereof as shall be sufficient to satisfy the plaintiff's demand. (Civil Code, sec. 145.) Section 147 of the Civil Code provides that the sheriff to whom the writ is directed and delivered shall execute the same without delay, as follows: Real property shall be attached by leaving with the occupant thereof, or if there be no occupant, in a conspicuous place thereon, a copy of the writ, certified by the sheriff. Personal property, capable of manual delivery to the sheriff, and not in the possession of a third person, shall be attached by taking it into his custody, and other personal property, by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having the possession of the same, etc. And section 160 provides that when the writ of attachment shall be fully executed or discharged, the sheriff shall return the same, with his proceedings indorsed thereon, to the clerk of the court where the action was commenced.

It necessarily follows from these several provisions of the statute that it is the duty of the sheriff, in such a

case, to execute a writ of attachment without delay, by attaching the property of the defendant therein as mentioned, and thereupon make return of his writ, with his proceedings indorsed thereon. A failure upon the part of a sheriff to comply with the law in the respect mentioned would be a neglect of duty, for which he would be responsible to a party injured in consequence thereof. The statute referred to does not specify any definite time in which a sheriff shall so return the attachment, but its language is mandatory, and if he were to fail to make such return within a reasonable time, the liability would attach. It is highly important that a sheriff should promptly execute and return a writ of attachment. More especially so since the amendment of 1878, requiring that the judgment direct the sale of attached property, as there is no way of ascertaining what property has been attached, except from the return of the sheriff; and that he is liable, in consequence of a failure to perform an official duty, for damages to a party resulting therefrom, is too well established to require any citation of authorities to prove.

The questions to be tried in this case were, whether or not the respondent, as such sheriff, performed his duty in regard to the service and return of the writ of attachment, as prescribed by the statute; and if he did not, what damages resulted to the appellants in consequence of his neglect in that respect. The respondent's counsel dwelt with much apparent earnestness upon the fact that the writ of attachment was only to be returned when it should be fully executed; but it must be understood that it is fully executed when the sheriff has attached all the property of the defendant within his county, not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demand, together with costs and expenses; and he is required to do this with-

out delay.   As soon as that is done, he must return his writ, retaining in his custody all property taken by him that·has not been sold as perishable property, or that has not been delivered to the defendant, or third person claiming it, and an undertaking given, as provided by section 152, Civil Code.   The property in the hands of the sheriff is in *custodia legis,* and it is not necessary that the writ should remain in his hands in order to hold the property.

The case will have to go back, and the issues ten'dered by the parties in their pleadings be tried.   The appellants' action is not barred or affected in consequence of any imperfect description of the property attached in the judgment or order for its sale.   The question is, whether the respondent improperly neglected to make a return of the writ of attachment, and turn the property attached over to his successor, and whether the appellants were damaged in consequence of such neglect.