## ELLIOTT *v.* TOEPPNER.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 85. Submitted November 12, 1902.—Decided December 8, 1902.

The right of a person, against whom an involuntary petition of bankruptcy has been filed, to a trial by jury under section 19 of the bankruptcy act is absolute and cannot be withheld at the discretion of the court.

The trial is a trial according to the course of the common law and the court cannot enter judgment, as the chancellor may, contrary to the verdict, but the verdict may be set aside or the judgment may be reversed for error of law as in common law cases.

The distinction between a writ of error which brings up matter of law only, and an appeal, which, unless expressly restricted, brings up both law and fact, has always been observed by this court and recognized by the legislation of Congress from the foundation of the Government.

Congress did not attempt by section 25*a* of the bankrupt act, which provides for appeals as in equity cases from the District Court to the Circuit Court of Appeals from judgments adjudging or refusing to adjudge the defendant a bankrupt, to empower the appellate court to reëxamine the facts determined by a jury under section 19, otherwise than according to the rules of the common law. The provision applies to judgments where trial by jury has not been demanded and the court proceeds on its own findings of fact. In such case the facts and the law are reëxaminable on appeal; but in case of a jury trial the judgment is reviewable only by writ of error for error in law, and alleged errors in instructions, the giving or refusal of instructions or in the admission or rejection of evidence which must appear by exceptions duly taken and preserved by bill of ex-

ceptions in the absence of which such alleged errors cannot be considered, although the transcript of the record contains what purports to be the evidence heard by the jury, exceptions reserved to evidence, admitted or excluded, the charge and exceptions, instructions asked and refused and exceptions.

ELLIOTT and others filed their petition for the adjudication of Ferdinand Toeppner as a bankrupt, in the District Court of the United States for the Eastern District of Michigan, which averred that Toeppner was insolvent and that he had committed certain enumerated acts of bankruptcy under subdivisions (1), (2) and (3) of section 3a of the bankruptcy act. Toeppner answered denying that he was insolvent at the time the petition was filed, and denying insolvency at the time of the commission of the acts charged under subdivisions (2) and (3); and at the same time filed in writing his demand for a jury trial. The issues were tried before a jury, who returned a verdict of not guilty. A motion for new trial was made and overruled, and the court entered judgment adjudging that Toeppner was not a bankrupt, and dismissing the petition. From this judgment petitioners prayed an appeal to the Circuit Court of Appeals accompanied with an assignment of errors. No bill of exceptions was asked or taken, and no writ of error was asked or allowed.

The appeal was allowed and duly perfected by giving the bond required, and a transcript of the record was filed in the Circuit Court of Appeals for the Sixth Circuit, which included, in addition to the proceedings before stated, what purported to be the evidence heard by the jury; exceptions reserved to evidence admitted or excluded; the charge of the court, and exceptions; and instructions asked and refused, and exceptions.

The errors assigned related exclusively to errors alleged to have been committed during the trial, before the jury, of the issues submitted.

By the certificate to the transcript by the clerk of the District Court, and under its seal, it was certified that "the above and foregoing is a full and true transcript of the record in the matter above entitled; that I have carefully compared the same with the original records and files of said matter in my office, and find the same to be a true transcript of the said originals.

and of the whole thereof, together with the original exhibits produced on the trial of said matter."

After the transcript had been filed Toeppner moved the Circuit Court of Appeals to dismiss the appeal, and to strike from the transcript so much as purported to set out the proceedings on the jury trial of the issues submitted to the jury. The motions coming on to be argued the court, being in doubt, certified a statement of the foregoing facts to this court, together with the following question :

"Has this court, under the appeal granted from the judgment refusing to adjudicate Ferdinand Toeppner a bankrupt, authority to reëxamine the proceedings upon the jury trial, and remand for a new trial if it shall appear from the transcript as certified to us, that there was error in instructions given or refused or in the admission or rejection of evidence ? ".

No appearance for appellants.

*Mr. Michael Brennan* for appellee. *Mr. Adolph Sloman* was with him on the brief.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The judgment of the District Court was a final judgment that Toeppner was not a bankrupt, and that the petition be dismissed. The question is whether the judgment could be otherwise revised than on writ of error, for if a writ of error should have been brought, then the Circuit Court of Appeals had no authority to reëxamine the proceedings on the jury trial, on appeal, or to remand for a new trial because of error in instructions given or refused, or in the admission or rejection of evidence, exceptions not having been preserved by a bill of exceptions.

Section 18*d* of the bankruptcy act provides : " If the bankrupt, or any of his creditors, shall appear, within the time limited, and controvert the facts alleged in the petition, the judge shall determine, as soon as may be, the issues presented

by the pleadings, without the intervention of a jury, except in cases where a jury trial is given by this act, and makes the adjudication or dismiss the petition."

By section 1 of the act "a person shall be deemed insolvent within the provisions of this act, whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient to pay his debts."

By subdivision (1) of section 3 an act of bankruptcy is committed when a person has " conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them ; " but by clause c "it shall be a complete defence to any proceedings in bankruptcy instituted under the first subdivision of this section to allege and prove that the party proceeded against was not insolvent as defined in this act at the time of the filing the petition against him." *West Company* v. *Lea,* 174 U. S. 590.

Under subdivisions (2) and (3) insolvency must exist at the time of the commission of the acts specified.

In this case, so far as acts of bankruptcy under subdivision (1) were charged, insolvency at the time of the filing of the petition was denied, and so far as acts of bankruptcy under subdivisions (2) and (3) were charged, insolvency at the time the acts were committed was denied.

The burden of proving solvency in proceedings under the first subdivision was on the alleged bankrupt by clause c, and on the petitioning creditors in proceedings under the second and third subdivisions, unless in the contingency named in clause d.

The issues presented by the pleadings were clearly defined, and Toeppner made written application for a trial by jury, to which he was entitled by section 19, which reads:

"Sec. 19. Jury Trials.—a. A person against whom an involuntary petition has been filed shall be entitled to have a trial by jury, in respect to the question of his insolvency, except as

herein otherwise provided, and any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed. If such application is not filed within such time, a trial by jury shall be deemed to have been waived.

"*b.* If a jury is not in attendance upon the court, one may be specially summoned for the trial, or the case may be postponed, or, if the case is pending in one of the District Courts within the jurisdiction of a Circuit Court of the United States, it may be certified for trial to the Circuit Court sitting at the same place, or by consent of parties when sitting at any other place in the same district, if such Circuit Court has or is to have a jury first in attendance.

"*c.* The right to submit matters in controversy, or an alleged offence under this act, to a jury shall be determined and enjoyed, except as provided by this act, according to the United States laws now in force or such as may be hereafter enacted in relation to trials by jury."

The right to a trial by jury on written application thus given is absolute and cannot be withheld at the discretion of the court. In that respect it differs from the trial of an issue out of chancery, which the court of equity is not bound to grant, nor bound by the verdict if such trial be granted. The court cannot, as the chancellor may, enter judgment contrary to the verdict, but the verdict may be set aside or the judgment may be reversed for error of law as in common law cases.

Section 566 of the Revised Statutes provides that: "The trial of issues of fact in the District Courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury."

The District Courts as courts of bankruptcy are invested with "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings" in the particulars named, it being provided that the specification of certain powers should not deprive them of powers they would possess but for the enumeration. The proceedings in administration of the estate are equitable in their nature, but the bank-

ruptcy courts act under specific statutory authority, and when on an issue of fact as to the existence of ground for adjudication a jury trial is demanded, it is demanded as of right, and the trial is a trial according to the course of the common law. This being so, judgments therein rendered are revisable only on writ of error. *Insurance Company* v. *Comstock*, 16 Wall. 258; *Parsons* v. *Bedford*, 3 Pet. 433, 448; *Duncan* v. *Landis*, 106 Fed. Rep. 839.

By section 41 of the bankruptcy act of 1867 it was provided that the court should, if the debtor so demanded in writing, order a trial by jury to ascertain the fact of the alleged bankruptcy, and in *Insurance Company* v. *Comstock*, Mr. Justice Clifford, speaking for the court, said: "Such a provision is certainly entitled to a reasonable construction, and it seems plain, when it is read in the light of the principles of the Constitution and of analogous enactments, and when tested by the general rules of law applicable in controversies involving the right of trial by jury, that the process, pleadings, and proceedings must be regarded as governed and controlled by the rules and regulations prescribed in the trial of civil actions at common law." The first paragraph of section two of the act was referred to, which provided "that the several Circuit Courts of the United States, within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case in a court of equity," 14 Stat. 517, c. 176; and it was held that the case was excluded from the general superintendence and jurisdiction of the Circuit Court by the exception; and that even admitting that decrees in equity rendered in the District Court might be revised in a summary way if Congress should so provide, it was "clear that judgments in actions at law rendered in that court, if founded upon the verdict of a jury, can never be revised in the Circuit Court in that way, as the Constitution provides that 'no fact tried by a jury shall be otherwise reexamined in any court of the United States than according to

the rule of the common law.' Two modes only were known to the common law to reëxamine such facts, to wit: The granting of a new trial by the court where the issue was tried or to which the record was returnable, or, secondly, by the award of a *venire facias de novo* by an appellate court for some error of law which intervened in the proceedings. All suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights, are embraced in that provision. It means not merely suits which the common law recognized among its settled proceedings, but all suits in which legal rights are to be determined in that mode, in contradistinction to equitable rights and to cases of admiralty and maritime jurisdiction, and it does not refer to the particular form of procedure which may be adopted." In these observations Mr. Justice Clifford affirmed the rulings in *Parsons* v. *Bedford*, where Mr. Justice Story considered the Seventh Amendment in connection with the language of Article III and the judiciary act of 1789, and treated the last clause of the amendment as "a substantial and independent clause," pointing out that "the phrase 'common law,' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence."

In *Duncan* v. *Landis* similar views as to review of judgments on verdicts in trials by jury demandable as of right were expressed by the Circuit Court of Appeals for the Third Circuit, whose opinion by Gray, J., contains a lucid exposition of the general subject.

We need not, however, be drawn into a discussion of the controlling force of the Seventh Amendment, as we think the provisions of the present bankruptcy act are consistent with the conclusions heretofore announced.

By the twenty-fourth section of the act the Supreme Court of the United States, the Circuit Courts of Appeals, and the Supreme Courts of the Territories are invested with "appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." And it is also provided, sec. 25*d*, that "controversies may be certified to the Supreme Court of

the United States from other courts of the United States, and the former court may exercise jurisdiction thereof and issue writs of certiorari pursuant to the provisions of the United States laws now in force or such as may be hereafter enacted."

In *Bardes* v. *Hawarden Bank*, 175 U. S. 526, we held that the fifth and sixth sections of the judiciary act of March 3, 1891, were not changed by the bankruptcy act. The sixth section gives the Courts of Appeals jurisdiction to review by appeal or writ of error final decisions in the District and Circuit Courts in cases other than those provided for in the fifth section.

Section 24*b* of the bankruptcy act is: "The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved." This is confined to questions of law and does not contemplate a review of the facts. *Mueller* v. *Nugent*, 184 U. S. 1, 9.

Section 25*a* provides that: "Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the Territories, in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; . . ."

The distinction between a writ of error which brings up matter of law only, and an appeal, which, unless expressly restricted, brings up both law and fact, has always been observed by this court, and been recognized by the legislation of Congress from the foundation of the government. *Dower* v. *Richards*, 151 U. S. 658, 663; *Wiscart* v. *Dauchy*, 3 Dall. 321.

So far from any restriction being imposed by section 25*a*, the language used is "appeals, as in equity cases," and on appeals in equity cases the whole case is open.

But Congress did not thereby attempt to empower the appellate court to reëxamine the facts determined by a jury under section 19 otherwise than according to the rules of the common law. The provision applies to judgments "adjudging or refusing to adjudge the defendant a bankrupt," when trial

by jury is not demanded, and the court of bankruptcy proceeds on its own findings of fact. In such case, the facts and the law are reëxaminable on appeal, while the verdict of a jury on which judgment is entered concludes the issues of fact and the judgment is reviewable only for error of law.

And it follows that alleged errors "in instructions given or refused or in the admission or rejection of evidence" must appear by exceptions duly taken and preserved by bill of exceptions.

In *Denver First National Bank* v. *Klug,* 186 U. S. 202, the point raised in this case was not suggested. The question was whether the case as presented by the record could be brought by appeal directly to this court, and we held that it could not. The case did not come within section 5 of the judiciary act of March 3, 1891, nor within any provision of the bankruptcy act.

*The question is answered in the negative.*