MERCHANTS' NAT. BANK OF TOLEDO, OHIO, v. COLE.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1907.)

No. 1,560.

1. APPEAL—MASTER'S FINDINGS—REVIEW.

In a case brought to the Circuit Court of Appeals, on appeal from the judgment of the trial court after a hearing of the case on the merits, and not on exceptions to the findings of a master, the appellate court was entitled to review the case independent of the master's findings.

2. BANKRUPTCY—ACT OF BANKRUPTCY—FRAUDULENT CONVEYANCE.

Decedent on March 23, 1898, executed a guaranty of payment of all her sons' notes to a bank and all renewals and new loans made by the bank to them. Decedent was a woman of advanced years, without special business experience. The bank then extended further credit to the sons, and during the five succeeding years they took care of their paper as it matured; it appearing that over $250,000 of their paper was discounted by the bank during that period. On September 2, 1903, decedent owned no personal property, except household goods, but owned real estate of considerable value, and had no creditor, except N., to whom she owed a large sum, other than her indebtedness on the guaranty, and on that day she conveyed her real estate to N. in payment of her indebtedness to him. At the time of this conveyance none of the outstanding notes discounted by the bank for her sons, had matured, and it did not appear that she had any knowledge of her liability on the guaranty. *Held*, it was not shown that the conveyance to N. was made with intent to hinder, delay, and defraud her creditors, or with intent to prefer N. over her other creditors, so as to constitute an act of bankruptcy.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio.

C. Brown, for appellant.

A. L. Smith and G. W. Kinney, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is an appeal from a judgment of the court below refusing to adjudge Lucy A. Cole a bankrupt. The act of bankruptcy relied on in the petition was the conveyance by Lucy A. Cole, on September 2, 1903, of all her real estate to her creditor, John T. Newton. It was charged she did this with intent to hinder, delay, and defraud her creditors, and that, being then insolvent, she did it with intent to prefer Newton over her other creditors. The answer denies she was insolvent at the time she made the conveyance, and denies that she made it either with intent to hinder, delay, or defraud her creditors, or with intent to prefer Newton over her other creditors. The petition was filed June 1, 1904, the answer June 28, 1904, and on December 23, 1904, the court, against the objection of the respondent, ordered the cause to be referred to a master, who was to have the powers of masters in chancery, under the rules of equity, to take "the proofs offered by the parties upon the issue made herein as to the insolvency of said Lucy A. Cole, and report the same to the court, with his findings of fact and conclusions of law thereon."

Beginning on April 10, 1905, the master took certain testimony, and

on June 9, 1905, submitted his report, in which, after stating his findings of fact, he reported as his conclusions of law that on September 2, 1903, Lucy A. Cole was insolvent, and made the conveyance in question with intent to prefer one of her creditors over others, and to hinder, delay, and defraud her other creditors. To this finding, exceptions were taken and the matter was heard by the court below. The character of this hearing is in dispute. A careful examination of the record satisfies us that the court acted twice upon the matter— first upon the exceptions, and then upon the entire case. The cause was referred to the master solely upon the issue of the insolvency of the alleged bankrupt at the time of making the conveyance of September 2, 1903. The master found she was then insolvent. The court overruled the exceptions to this finding and affirmed the report in this respect. Having done this, the court went on and heard the case upon the petition and answer and reply and the evidence, and "upon a consideration of the proofs in said cause and arguments of counsel the court found that the facts set forth in said petition were not proved, and that the said Lucy A. Cole was not a bankrupt as alleged in said petition." Thereupon the court dismissed the petition, from which this appeal was taken.

After the entry of this judgment, there was an application by the petitioner for the reopening of the case and leave to offer further proof, which was denied; the court saying:

"It is true that the court inadvertently treated this as passing upon the report of the master, when, in fact, it came originally before the court. The fact is that the court considered the case as if originally before it, and disposed of it on the merits."

From the record it appears that the case is here, not simply upon the testimony taken before the master, but also upon a certificate of evidence made by the court setting forth certain stipulations, admissions, and testimony produced before the court which were not before the master. We have gone into this matter in some detail, because the point is pressed by counsel for the petitioner that, since the defendant did not take a cross-appeal, the findings of the master are binding here. The case is here, not upon exceptions, either primarily or secondarily, to the master's findings, but upon an appeal from the judgment of the court below, after a hearing of the case upon the pleadings and evidence—in other words, upon the merits—so that we are in no wise hampered by the master's findings and conclusions, but the whole case is before us. Ridings v. Johnson, 128 U. S. 212, 218, 9 Sup. Ct. 72, 32 L. Ed. 401; Elliott v. Toeppner, 187 U. S. 327, 334, 23 Sup. Ct. 133, 47 L. Ed. 200; Loveland on Bankruptcy (3d Ed.) § 326.

Coming to the merits, it appears that on March 29, 1898, F. E. Cole and G. H. Cole were engaged in the contracting business, paving streets and constructing sewers in Toledo, Ohio, and paving streets in Lima, Ohio. They had from time to time borrowed money from the petitioner, the Merchants' National Bank of Toledo, to aid them in their business, and at that time owed the bank $13,200, represented by seventeen promissory notes, all executed during January, February, and March, 1898. Lucy A. Cole was the mother of the Cole

brothers, and on March 29, 1898, she signed the following paper, prepared by the cashier.of the bank and presented to her by one of her sons, G. H. Cole:

"March 29, 1898.

"I hereby guarantee the payment of all notes of F. E. and G. H. Cole held by the Merchants' National Bank; also all renewals of the same, and any new loans made to either F. E. Cole or G. H. Cole by the said bank.

"Lucy A. Cole."

Lucy A. Cole was then a woman advanced in years, who, while the owner of certain real estate in Toledo, was not engaged in business, and was apparently without special business experience. Subsequent to the giving of this guaranty, the Cole brothers extended their business operations, taking contracts in Tennessee and in Philadelphia, and the Merchants' National Bank enlarged their credit as needed from time to time, until their indebtedness in the fall of 1903 aggregated over $40,000. During these five years, from 1898 to 1903, the Cole brothers took care of their paper as it matured, either paying or renewing the same, and the evidence shows that over $250,000 of their paper had been discounted in this bank during that period. Of the outstanding notes of the Cole brothers, only one matured on September 2, 1903, a note for $6,000. The others matured later. On this day Lucy A. Cole owned no personal property, except household goods, but owned real estate of considerable value in Toledo, and, so far as appears from the records, had no creditor, except John T. Newton, to whom she owed a large sum, unless she was then liable to the Merchants' National Bank upon her guaranty. On this day she deeded all her real estate in Toledo to Newton.

The court below took the view that the testimony did not make out a case of intent on the part of Mrs. Cole, either to defraud her creditors or to prefer one over the others, and it reached its conclusion because the testimony did not satisfy it that Mrs. Cole knew, at the time she made the conveyance, that she was insolvent, or that she had any creditor other than Newton. We can find no good ground in the record to withhold our approval of these conclusions. Mrs. Cole was not a business woman. She signed the guaranty at the request of one of her sons, understanding, as she testified, that it referred solely to the business her sons were then carrying on in Toledo. Some years passed. They extended their operations to Tennessee and Philadelphia, the bank at the same time enlarging their line of credits; and, according to the testimony, the guaranty was never mentioned to Mrs. Cole, either by her sons or by any officer of the bank. It is not an unreasonable inference that this paper, which had been prepared at the bank and signed by her on request, had passed from her mind. It naturally would, for the Toledo business—the notes held by the bank when the guaranty was given, the renewals thereof, and the new notes made in connection therewith—all had been settled or taken care of. The only one who was calling his claim as a creditor to her attention on or shortly before September 2, 1903, was Newton, to whom she had obligated herself in behalf of her sons, and whom she had promised to make a conveyance of her real estate in satisfaction of his claims, whenever he might demand it. She states in the record that she did make the

conveyance in August, 1903, and that the conveyance of September 2, 1903, was made for the purpose of correcting the description of her premises in the deed made in August. There was nothing in the fact that Newton demanded the conveyance in August, and afterwards, on September 2d, requested another conveyance to correct the first. There was nothing in this to put her upon notice that her sons were, or were about to be, in trouble with the bank, or that she would be involved on account of the old guaranty.

It is not necessary for us to pass upon the nature of the guaranty; but, conceding it was still in force—a thing we are not to be taken as deciding—there was certainly no liability as against her until her sons had failed to pay one of the notes or loans which the guaranty secured, and there could have been no failure of that kind until the close of September 2, 1903, when the note of $6,000 fell due and became payable, the other outstanding notes not maturing until later. No notice of the fact that her sons had failed, or would probably fail, to meet any of their obligations to the bank, was brought home to her on or before September 2, 1903, when she made this conveyance. As the case stands in the record, she had knowledge on this day of but one creditor, Newton, to whom she made a conveyance at his demand in fulfillment of her agreement. She had a right to pay him, and she could not have made the transfer with intent to prefer him, unless at the time she had known, or had reason to know, of the existence of other creditors. And this is true of the intent to hinder, delay, and defraud her creditors. That intent must be established by proof, fraud must be shown, and the good faith of the transaction must be successfully impeached. Lansing Engine & Boiler Works v. Ryerson, 128 Fed. 701, 703, 63 C. C. A. 253. Now, this has not, in our opinion, been done. The testimony goes no further than to cast a suspicion.

The judgment is affirmed.