### In re UNITED STATES MOLYBDENUM CO.

#### Petition of McKAY.

(District Court, D. Maine. November 30, 1918.)

#### No. 376.

1. CORPORATIONS ⬦407(1)—LIABILITY—LEGAL SERVICES.
    Where an attorney rendered legal services for a corporation with knowledge of those whose duty it was to take charge of its affairs, the corporation should pay what the services were reasonably worth.

2. BANKRUPTCY ⬦340—FRAUD OF CLAIMANT—EVIDENCE.
    Evidence held insufficient to show that an attorney, who made a claim against a bankrupt corporation for legal services, was guilty of any fraudulent participation in a conspiracy to convey away the corporation's property.

3. BANKRUPTCY ⬦340—CLAIMS—VALUE OF SERVICES.
    An attorney, who made a claim against the estate of a bankrupt corporation for legal services, must clearly establish the value of his services.

4. BANKRUPTCY ⬦340—EVIDENCE OF VALUE OF SERVICES OF ATTORNEY.
    An attorney, who filed a claim against the estate of a bankrupt Maine corporation, held, under the evidence, entitled to no more than $1,000 and his disbursements.

In Bankruptcy. In the matter of the United States Molybdenum Company, bankrupt. On petition by John A. McKay to review the order of the referee, allowing the claim of William H. Edwards. Allowance in part affirmed.

Carl W. Smith, of Portland, Me., for petitioning creditors and trustee.

R. J. McGarrigle, of Calais, Me., for bankrupt.

Woodman & Whitehouse, of Portland, Me., for petitioner McKay.

HALE, District Judge. This petition seeks to review the order of the referee allowing the claim of William H. Edwards for $2,000.

Mr. Edwards is an attorney at law in New York City. He claims for consultations and conferences with the officers of the United States Molybdenum Company, construing and interpreting documents, rendering various opinions on legal and other questions, preparation of instruments, correspondence, conferences, and interviews with various persons; expenses for car fare, telephone, and postage, $2,900. The services run from June 24, 1916, to April, 1917. One hundred dollars is for disbursements.

It is contended by the petitioner that Edwards never acted, and never was employed to perform any service, for the bankrupt company, but was employed by one Nickerson in his capacity as trustee for the private interest of certain stockholders; that the claim is based entirely upon the authority of Nickerson, and is not based upon any vote, or upon any affirmative action, of the bankrupt company. The testimony shows that the greater part of the services, for which the proof of claim is made, consists of conferences touching the sale of the company's property. Edwards testifies that he looked upon these conferences as very important, and gave them his full attention for a long time. He bases his authority for rendering the services upon his employment by Nickerson, the treasurer and a director of the company, and upon an actual, but unrecorded, vote.

[1] It appears by the testimony that Edwards did render some services for which the corporation would have had the benefit, if any benefit had accrued to anybody. After he was employed by Mr. Nickerson, he had certain conferences and made certain efforts to sell the property. If any directors were attending to their business, they must have known that such efforts were being made by Edwards. Without undertaking to settle certain questions of authority raised by the learned counsel for the petitioner, I find that services of some value were rendered for the company, with the knowledge of those whose duty it was to take charge of its affairs. So far as this defense is concerned, the corporation should pay what those services were reasonably worth.

[2] Another question—and a vital one—is raised by the petitioner. He says that Edwards acted in fraud of the bankrupt company; that he perpetrated a fraud, in company with Nickerson and one Wohlfarth, in obtaining a conveyance of certain land to the Doric Improvement Company; that the land in question was held by Nickerson as trustee for the bankrupt company, and was transferred by him to the Doric Improvement Company, in pursuance of a conspiracy between these men; and that, in equity, Edwards should be paid nothing, until he has caused the real estate, fraudulently conveyed to the Doric Improvement Company, to be reconveyed to the bankrupt company.

The petitioner contends that the testimony should lead the court to find that Edwards was the attorney on whom rested the responsibility for the fraud; that he was the guiding mind in it; that, largely by his agency, the fraud was perpetrated; that, while the participants in the fraud are holding the property, none of them can be heard in court to make a claim such as is made here; that, under the general equity power of the court, it should refuse to allow this claim against such proof of fraud and conspiracy as is found within this record; that a

court of bankruptcy is a court in equity, and has such original jurisdiction in equity as will enable it to prevent a party from enjoying the fruits of fraud, without restoring property which he has inequitably obtained. Western Tie & Timber Co. v. Brown, 196 U. S. 502, 25 Sup Ct. 339, 49 L. Ed. 571; Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200; Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Mason v. Wolkowich, 150 Fed. 699, 80 C. C. A. 435, 10 L. R. A. (N. S.) 765; In re Chase, 124 Fed. 753, 59 C. C. A. 629. Other cases are also cited by the petitioner.

It is undoubtedly true that a court in bankruptcy has broad equity powers. It can hardly be claimed, however, that, upon the facts shown in this record, I have power to order a reconveyance of the land forming the subject of the charge of fraud. I have carefully reviewed the testimony touching this question of fraudulent conspiracy. After examining all the evidence, I must come to the conclusion that the petitioner has not met the burden of showing, by a preponderance of evidence, that the land in question was conveyed in pursuance of any conspiracy to which Edwards was a party. Mr. Edwards has denied all knowledge of the giving of the deed and any participation in it; in view of his denial, there is not sufficient evidence of his fraudulent participation in any conspiracy to sustain the charge. It is not, therefore, necessary to discuss the law relating to this question. As bearing upon the matter, the court is asked to order the production in court of a certain record book of the Doric Improvement Company; but, from my view of the case, I find that the production of the book is not important.

[3, 4] It is now my duty to examine the testimony with reference to the value of Edwards' services. He is a New York lawyer. He rendered certain services for which the company would have received the benefit, if any benefit had resulted; he apparently spent some time in interviews and conferences relating to certain attempted sales. No sales were effected. All his attempts to sell proved fruitless. The company got no benefit from them. What his time was worth is not shown. He was working for a Maine corporation; his charges must be for services at their fair value to this Maine corporation. The testimony is not very persuasive touching this matter. I can find nothing in the record from which I think I ought to allow him his whole claim, or even the claim of $2,000 allowed by the referee. Edwards says he has given up important matters, in order to conduct conferences for which the company was to receive the benefit by the sale of its property. No testimony is introduced from any unprejudiced source showing the value of the services; no Maine lawyer is produced to show what the proper charges would be under circumstances shown by the record; the whole matter is left vague. It is the duty of the claimant to clearly establish the value of his services. From the testimony, I think I am allowing him all his services are proved to have been worth, if I allow him the sum of $1,000, in addition to his disbursements of $100.

The order of the referee is affirmed to the extent of allowing the claim of William H. Edwards for the sum of $1,100. A decree may be presented accordingly.