**BURNS BROS. et al. v. COOK COAL CO.**
**No. 4409.**

Circuit Court of Appeals, Third Circuit.
June 23, 1930.

Michael Sokol, of Newark, N. J., for appellants.

Samuel S. Ferster, of Newark, N. J., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

In this case, an involuntary petition in bankruptcy being filed, the defendant demanded, and was granted, a jury trial on the issues of insolvency, and the commission of the acts of bankruptcy charged, which resulted in a verdict for the defendant and judgment thereon in its favor. The petitioning creditors excepted to the rulings of the District Judge, excluding evidence as to fraud and directing a verdict for the defendant. To test the legality of the lower court's rulings, an appeal was taken thirty six days after the entry of judgment. The motion here is to dismiss the appeal because not taken within thirty days after the rendition of judgment, as provided by the amendment of 1926 to section 25a of the Bankruptcy Act (11 USCA § 48(a). It is claimed by the appellant that the appeal so allowed is in the nature of a writ of error at common law, wherein the time for taking an appeal is three months, and that the amendment to section 25a of the Bankruptcy Act has no application.

The authorities have established that a clear-cut distinction exists between a writ of error, which brings up matters of law only, and an appeal, which brings up both law and fact. This distinction has been recognized by the legislation of Congress from the foundation of the government. Dower v. Richards, 151 U. S. 658, 14 S. Ct. 452, 38 L. Ed. 305; Elliott v. Toeppner, 187 U. S. 327, 23 S. Ct. 133, 47 L. Ed. 200; Duncan v. Landis (C. C. A.) 106 F. 839 (3rd Cir.)

Under section 19 of the Bankruptcy Act of 1898 (11 USCA § 42), the person against whom a petition has been filed, is entitled, on demand, to a trial by jury to determine the question of insolvency, and any act of bankruptcy alleged to have been committed. In the absence of such application, within the time prescribed, a jury trial is presumed to have been waived. Except as provided in the act, the right to submit the matters in controversy shall be determined according to the laws of the United States in relation to trials by jury. Section 19 of the original act has not been amended in any way, and is therefore in full force.

The Act of May 27, 1926 (44 Stat. 662), amended certain sections of the original act. Among others, it amended section 24a (11 USCA § 47(a). The amendment consisted of adding certain courts invested with appellate jurisdiction of controversies arising in bankruptcy. Subsection b, which provided that the Circuit Courts of Appeal should have jurisdiction in equity, either interlocutory or final, to superintend and revise *in matter of law*, the proceedings of the inferior courts of bankruptcy, was amended (11 USCA § 47(b) by adding to the words "in matter of law," the following, "and in matter of law and fact the matters specified in section 25." The original subsection b provided that such power shall be exercised on due notice and petition by the party aggrieved. This was amended by the use of the following words, "such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court." · This last provision, referring to discretionary powers, relates to appeals to the Supreme Court. The amendment also adds subsection c (11 USCA § 47 (c), which provided that, "All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

It will be noticed that section 24 has special reference to the jurisdiction of appellate courts, while section 25 relates specially to the appeals. Section 25 of the original act (30 Stat. 553) provides, "That appeals, *as in equity cases,* may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the Territories" in certain designated cases, one of which is "from a judgment adjudging or refusing to adjudge the defendant a bankrupt." The appeal in such case shall be taken within ten days after judgment has been entered.

The only change in amendment of section 25 was the addition to the appellate courts of the Court of Appeals of the District of Columbia, and the time of the appeal being extended from ten to thirty days.

The other amendments in the act of 1926 have no relevancy to the question here.

Title 28 of the United States Code was amended in 1928 by amendments §§ 861a and 861b (28 USCA §§ 861a, 861b), by

which writs of error, civil and criminal, were abolished. "All relief which heretofore could be obtained by a writ of error shall hereafter be obtainable by appeal."

But this would appear to be only a change of name. Amendment § 861b provides, "The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to costs, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error."

From the foregoing considerations, the following may be stated by way of conclusion.

1. The right to trial by jury on application of the alleged bankrupt is absolute and cannot be withheld at the discretion of the court. In this it differs from the trial of an issue in equity, which the court is not bound to grant, nor bound by the verdict if such trial is granted.

2. A fact tried by a jury cannot be re-examined in any court in the United States, otherwise than according to the rule of the common law. At common law there were only two modes known to re-examine such facts, namely, the granting of a new trial or the awarding of a venire facias de novo by an appellate court for some error of law which has intervened in the proceeding. The phrase "common law" is broad enough to include all suits in which legal rights are to be determined in that mode as distinguished from equitable rights, and cases of admiralty and maritime jurisdiction. Insurance Co. v. Comstock, 16 Wall. 258, 21 L. Ed. 493; Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732; Duncan v. Landis (C. C. A.) 106 F. 839; Elliott v. Toeppner, supra.

3. Section 25a, which provides, that appeals *as in equity cases* may be taken in bankruptcy proceedings from "a judgment adjudging or refusing to adjudge the defendant a bankrupt," has been distinctly held by the Supreme Court not to empower the appellate court to re-examine the facts determined by a jury under section 19, otherwise than according to the rule of the common law. The provision has been held to apply only when trial by jury is not demanded, and the court of bankruptcy proceeds on its own findings of fact. In the latter case, the facts and the law are re-examinable on appeal, while in the former, the verdict of the jury, on which judgment is entered, concludes the

issues of fact, and the judgment is reviewable only for error of law. Elliott v. Toeppner, supra, and other cases cited.

4. As section 19 of the Bankruptcy Act has not been amended, the right, on demand, to trial by jury on the question of insolvency and the commission of any act of bankruptcy still exists.

5. This constitutional right of trial by jury, distinctly given by section 19, could not be construed as taken away by the words of the amendment to section 24b, wherein the appellate courts are given jurisdiction to superintend and revise in matter of law and in matter of law and fact, the matters specified in section 25, and by the use of the words, "Such power shall be exercised by appeal and in the form and manner of an appeal."

In both sections, the appeals referred to are "appeals *as in equity cases*," and the meaning of these words has been unequivocably adjudicated by the authorities above referred to.

6. As section 25a has been held inapplicable to the cases where a jury trial is demanded by the alleged bankrupt, it would seem to follow, as a necessary conclusion, that section 25a, as amended, has no application where a jury trial is demanded. If inapplicable, none of its provisions, including the time of appeal, will apply.

For the foregoing reasons, the motion to dismiss the appeal is therefore overruled.