In re SCHWAB.

HAWES v. HANSEN.

No. 8005.

Circuit Court of Appeals, Ninth Circuit.

April 20, 1936.

Burnett Wolfson and Grainger & Hunt, all of Los Angeles, Cal., for appellant.

Willcox & Judson and George A. Judson, all of Los Angeles, Cal. (Oregon Smith, of Los Angeles, Cal., of counsel), for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a judgment adjudicating the bankruptcy of Edna G. Schwab, deceased, rendered on May 23, 1935. The appeal was allowed June 10, 1935. On September 17, 1935, the District Judge signed what was styled an "Approved Statement of the Evidence." This was approved as to form by the attorneys representing the petitioning creditor, the appellee, and by the attorney for the special administratrix, the appellant.

It appears from this statement that on February 13, 1930, the appellee, Aslaug Hansen, as a petitioning creditor, filed an involuntary petition in bankruptcy against Edna G. Schwab, the alleged bankrupt. On March 12, 1930, she filed an answer denying bankruptcy and opposing the adjudication of bankruptcy and demanding a jury trial. She died on August 30, 1933. On January 16, 1934, the issue made by the petition for involuntary bankruptcy and the denial of Edna G. Schwab was brought on for trial before a jury, and a verdict was rendered that Edna G. Schwab was bankrupt. After the trial and the verdict, Helyn V. Hawes, also known as Virginia Hawes, the appellant, was appointed special administratrix of the estate of Edna G. Schwab. On February 3, 1934, she filed a motion for new trial, which was denied May 11, 1935, and on May 23, 1935, a judgment was rendered and entered in the proceeding in pursuance of said verdict of the jury adjudging said Edna G. Schwab, deceased, a bankrupt.

Helyn V. Hawes is the daughter and heir at law of Edna G. Schwab. At the time of jury trial Burnett Wolfson, who was the attorney for the daughter, and who had been the attorney of record for the

528

deceased, appeared at the trial and made no objection to proceeding with the trial, although the death of the bankrupt had been brought to the attention of the court. The daughter was personally absent from the trial. We may assume from this record that she was represented at the jury trial.

The appellant claims that the trial of the question of bankruptcy and the verdict of bankruptcy and the consequent adjudication of bankruptcy were erroneous, for the reason that before such matters could be properly tried it is necessary to have a personal representative of the deceased appointed and substituted. It is therefore contended that when appellant, as special administratrix, moved for a new trial, such application should have been granted.

■ The appellee contends that this matter cannot properly be considered by this court for the reason that there is no bill of exceptions. In support of this contention he cites Elliott v. Toeppner, 187 U.S. 327, 23 S.Ct. 133, 47 L.Ed. 200, in which it was held that where a jury had been demanded upon the trial of the question of bankruptcy the trial should proceed according to the course of common law, the method of appeal was by writ of error, and the bill of exceptions was essential to a review of the evidence. See, also, Knickerbocker Insurance Co. v. Comstock, 16 Wall. (83 U.S.) 258, 21 L.Ed. 493. Writs of error have been abolished and appeals substituted therefor. 28 U.S.C.A. §§ 861a, 861b. The question remains, however, as to whether or not a bill of exceptions is essential in the case at bar.

Since the abolition of writs of error, a corollary question to that involved herein was considered by the Circuit Court of Appeals for the Third Circuit in Burns Bros. v. Cook Coal Co., 42 F.(2d) 109, 111. It was there held that although the amendments of 1928 (28 U.S.C.A. §§ 861a, 681b) had abolished writs of error and provided that "all relief which heretofore could be obtained by a writ of error shall hereafter be obtainable by appeal," that the appeal from the adjudication of bankruptcy based upon a jury's verdict must be according to the course of common law, notwithstanding the fact that section 25a of the Bankruptcy Act (11 U.S.C.A. § 48(a) provides that "appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, in the following cases, to wit, (1) from a judgment adjudging or

refusing to adjudge the defendant a bankrupt." This latter provision, it was held, applied only when no jury was demanded. It was concluded in that case that the time for taking an appeal from an adjudication of bankruptcy based upon the verdict of a jury was controlled by general law rather than by special provision in regard to appeals in bankruptcy from an adjudication of bankruptcy. If the purpose of the appellant here were to review the evidence or the rulings of the trial judge during the progress of the jury trial, it is clear that a bill of exceptions would be necessary [Elliott v. Toeppner, 187 U.S. 327, 23 S.Ct. 133, 47 L.Ed. 200; Burns Bros. v. Cook Coal Co. (C.C.A.) 42 F.(2d) 109, supra], but the order of which the appellant complains is an adjudication of bankruptcy made after appellant had been appointed special administratrix and had appeared in the trial court upon a verdict rendered before her appointment. Such an adjudication was made without a jury trial, for of course so far as the special administratrix is concerned there has been no jury trial. The order of adjudication was ordered over her objections and in the face of her request for a new trial. It is clear that we have here an appeal which might be taken under § 25a of the Bankruptcy Act (11 U.S.C.A. § 48(a) as in equity, from an adjudication of bankruptcy. We conclude that a "statement of the evidence" under Equity Rule 75 (28 U.S.C.A. following section 723) would be a proper method of presenting the evidence on such an appeal. Here, however, it should be said that the statement agreed to by the parties and certified by the trial judge is not a "statement of the evidence," but is more of the nature of a "statement of the case" under Equity Rule 77, 28 U.S.C.A. following section 723. It shows how the question of the right of the special administratrix to contest the petition arose and was decided in the district court. It sets forth such facts as are essential to a review of that decision by this court. It has been treated by the appellant at least "as superseding, for the purposes of the appeal, all parts of the record other than the decree from which the appeal is taken." Equity Rule 77, 28 U.S.C.A. following section 723.

The question as to whether it was error to enter the adjudication of bankruptcy without a trial of the issues participated in by a representative of the decedent is squarely presented by the record before us, and we will now consider that matter.

The Bankruptcy Act specially provides (section 8, 11 U.S.C.A. § 26) that the death of a bankrupt shall not abate the proceedings, "but the same shall be conducted and concluded in the same manner, so far as possible, as though he [the bankrupt] had not died." This of course does not mean that the proceedings shall go forward before adjudication without any one representing the estate of the deceased. A method of substitution of parties is provided by law applicable to equitable actions (28 U.S.C.A. §§ 778, 779). As was held by the Circuit Court of Appeals for the Eighth Circuit in Shute v. Patterson, 147 F. 509, it is necessary to bring in the representatives of the decedent by appropriate proceeding. An adjudication of the bankruptcy in the absence of such personal representatives, it is held, should be vacated. To the same effect, see Porter v. Adams, 98 Conn. 349, 119 A. 358; Black on Bankruptcy, § 178; Brandenberg on Bankruptcy, § 378; Remington on Bankruptcy, vol. 1, § 102, Supp. Compare Meek v. Centre County Banking Co., 264 U.S. 499, 44 S.Ct. 366, 368, 68 L.Ed. 811. The Supreme Court, in the latter case, speaking of the proceedings for adjudication of bankruptcy, said: "Such a proceeding, as any other litigated matter, requires adversary parties; and manifestly, in the very nature of things, can only be continued as long as there are adversary parties. * * * As the cases now stand, however, by reason of his death there is no longer any petitioner seeking the bankruptcy of the firm or of the defendants; no adversary party in so far as the defendants are concerned."[1] Under the law of California, the executors or administrators of the will or estate of a decedent, administer the entire property, real and personal, and in case of an insolvent estate distribute the proceeds of both real and personal property to the creditors less such property as is exempt from execution. It is clear that such representative is entitled to be heard upon the question of the adjudication of bankruptcy of the decedent and such an adjudication in the absence of such a representation, if not wholly void for lack of jurisdiction over the personal representative, is at least erroneous and must be corrected on proper application by the representative of the decedent. The authority of the attorney to represent the deceased or her estate terminated upon her death. His participation in the trial at most was in his capacity of representation of an heir of the deceased. Such an heir, under the law of California, has no power to bind the estate of the decedent. The title of the heir to the real and personal estate of the decedent is subject to administration in the probate court and in the case of insolvency the heir as such would not receive any part of the estate. It may be added at this juncture that the record does not show that the decedent died intestate.

The appellant was not a party to the proceedings until she applied to the trial court for a new trial which must at least have been equivalent to the application for a trial. Her application was improperly refused and the adjudication of bankruptcy made after she had become a party thereto predicated upon a trial in which she had not participated was erroneous and should be reversed.

The appellee contends that inasmuch as the appellant had made herself a party to the record and has thus subjected herself to the jurisdiction of the court, she cannot complain of the fact that the issue was tried before she was appointed as special administratrix or entitled to represent the deceased bankrupt upon the trial of the issue. While it is true that she subjected herself to the jurisdiction of the court by her appearance, it does not follow that she is bound by an erroneous act committed before she appeared. She was entitled to a hearing upon the issue which had been joined in the trial court after appropriate substitution. This was denied her.

The adjudication of bankruptcy is reversed, and the case remanded to the trial court for trial of the issue of bankruptcy after an appropriate order of substitution nunc pro tunc as of the date of appellant's petition for a new trial when she appeared and asserted the rights of the decedent's estate.

Reversed.

---

[1] As to the necessity of a revivor or a substitution of the representatives of the decedent's estate in an equity case before the case can go forward, see, also, F. A. Mfg. Co., Inc., v. Hayden & Clemons, Inc. (C.C.A.) 273 F. 374; 1 Ruling Case Law, § 11, pp. 20, 21; § 14, p. 22; § 18, p. 26; Story's Equity Pleadings (1st Ed.) §§ 354, 354-a.