## ALBERT WEINBRENNER, Inc., et al. v. FINNE.

### No. 9042.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1939.

Layton & Boyrie and N. Ray Alber, all of Portland, Or., for appellants.

Geo. P. Winslow, of Tillamook, Or., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an involuntary bankruptcy proceeding in which the district court dismissed the petition of certain creditors upon the motion of the alleged bankrupt for a nonsuit. Petitioners appealed as in equity, the record complying with the provisions of the Equity Rules, 28 U.S.C.A. following section 723. The alleged bankrupt demanded a jury trial, the jury was impanelled, the trial begun, and, upon the evidence adduced by the petitioners, the alleged bankrupt moved for an order of nonsuit and dismissal of the petition. The motion was granted and the judgment of dismissal was entered July 29, 1938, prior to the effective date of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The appellee contends that his demand for the jury and the commencement of the trial before it was a sufficient submission to the jury of the questions involved to constitute a trial by the jury; hence, appellee claims the record made pursuant to the Equity Rules brings nothing before us because a jury trial in a bankruptcy case is a trial at common law requiring a bill of exceptions on appeal. Elliott v. Toeppner, 187 U.S. 327, 335, 23 S.Ct. 133, 47 L.Ed. 200.

Appellants contend that their case was never submitted to the jury and that appellee's invocation of the jury was waived by his motion for a nonsuit, taking the case from the jury's decision. We are offered no federal decisions disposing of this question, but we believe the law is correctly stated by the Supreme Court of the State of Oregon in the case of Patty v. Salem Flouring Mills Co., 53 Or. 350, 361, 364, 96 P. 1106, 98 P. 521, 522, 100 P. 298, where the court held:

"The reason for this rule is that, by moving for a nonsuit after the plaintiff has introduced his evidence and rested, the defendant waives his right to a jury trial, on the ground that the proof is insufficient to make a case adequate to be submitted to the jury.

*  *  *

"The right of a defendant to a jury trial in civil cases must be maintained inviolate, but, when that party waives that right by requesting the trial court to grant a judgment of nonsuit, on the ground that the evidence of the adverse party is insufficient to authorize the cause to be referred to the triers of fact, such express renunciation ought to be obligatory upon the party making it until he changes the position thus voluntarily assumed, either by introducing evidence after the motion for the non-suit is denied, or by requesting the court to submit the cause to the jury."

Cf. Marine National Bank v. Swigart, 6 Cir., 262 F. 854, 855; Hawes v. Hansen, 9 Cir., 83 F.2d 526, 528. We hold that a bill of exceptions was not requisite on this appeal.

One of the contested issues was whether there had been an act of bankruptcy under Section 3a(4) of the Bankruptcy Act of 1898, as amended prior to Act of June 22, 1938, (Chandler Act) 44 Stat. 662, 11 USC (1934 ed.) § 21(a) (4), 11 U.S.C.A. § 21(a) (4) set forth in the footnote.[1] The court found there was none and declined to consider the issue of insolvency. Evidence both for and against the petitioners' contention of insolvency at the time of an attachment was admitted, and further evidence was offered and denied admission. the court stating that his decision that there was no act of bankruptcy made unnecessary its consideration. There was sufficient evidence to warrant a finding of such insolvency.

Concerning the claimed act of bankruptcy, the attachment was one suffered by the appellee on a writ issued in an action in the circuit court of the State of Oregon and levied on his personal property, which was not vacated or discharged within 30 days from the date the attachment was obtained. The court below held that the attachment was not such as that required for an act of bankruptcy, because the case, in which the writ was issued, proceeded to a trial and verdict in favor of the appellee

---

[1] "Acts of bankruptcy by a person shall consist of his having *  *  * (4) suffered, or permitted, while insolvent, any creditor to obtain through legal proceedings *any levy, attachment, judgment,* or other lien, and not having vacated or discharged the same within thirty days from the date of such levy, attachment, judgment, or other lien was obtained." (Emphasis supplied.)

some two and one-half months after the attachment was obtained.

We cannot agree, that because on the merits of the case there is a judgment for the attached party, there has not been an attachment otherwise validly issued and levied, nor that a favorable judgment on the merits more than two months after the attachment was obtained is equivalent to a vacation or discharge of the attachment within the 30 days required by the statute.

Appellee contends that this court should uphold the judgment of the court below on the ground that the record shows the attachment was invalid because not issued and returned in compliance with the Oregon law. The claimed invalidity is that the writ was issued before the summons was placed in the hands of the sheriff, White v. Johnson, 27 Or. 282, 297, 40 P. 511, 50 Am. St.Rep. 726; Macleay Estate Co. v. Churchill, 132 Or. 63, 66, 284 P. 286; Willamette Collection & Credit Service v. Henry, 138 Or. 460, 462, 7 P.2d 261, and that after the levy had been made and the property of the appellee taken into the sheriff's possession, the sheriff did not make his return until 84 days after his levy, by which time the case had been decided on its merits.

■ With respect to the time of the issuance of the summons and writ, it appears that both were issued on the same day. In this situation we apply the presumption that the officials' duties were properly performed and that the summons was actually placed in the hands of the sheriff at the time or before the writ of attachment was issued. Section 9-807 (15), Oregon Code 1930; McMaster v. Ruby, 80 Or. 476, 483–485, 157 P. 782.

■ Section 4-406, Oregon Code 1930, provides with respect to the attachment of personal property such as was made under the attachment here involved, "2. Personal property capable of manual delivery to the sheriff, and not in the possession of a third person, *shall be attached* by taking it into his custody". (Emphasis supplied.) This taking of the personal property into the sheriff's custody seems to be made the full execution of the writ by the terms of the Oregon law, for in another section 4-419, Oregon Code 1930, it is provided that "When the writ of attachment shall be *fully executed or discharged,* the sheriff shall return the same, with his proceedings indorsed thereon, to the clerk of the court where the action was commenced." (Emphasis supplied).

No Oregon case is cited to us holding that a writ of attachment is not fully executed if the sheriff delays for as long as 84 days to make a return of the writ. We assume that the statute requires a prompt filing of the return as part of the prescribed duties of the sheriff stated in Section 4-419, and in the case of Gerdes v. Sears, 13 Or. 358, 361, 10 P. 631, it was held that the sheriff might be liable to one injured for not making such a prompt return. We do not coinsider that case as deciding that, so far as the writ of attachment itself is concerned, it was not fully executed when the personal property was taken into the sheriff's possession. In that case, 13 Or. at page 361, 10 P. 631, the difference between execution of the writ of attachment and its return is drawn.

■ We hold that a valid attachment was obtained which satisfied the requirement of the Bankruptcy Act with regard to the act of bankruptcy here involved, though the sheriff long delayed the return. Cf. Ritter v. Scannell, 11 Cal. 238, 249, 70 Am.Dec. 775; Hogue v. Corbit, 156 Ill. 540, 546, 41 N.E. 219, 47 Am.St.Rep. 232.

■ The alleged bankrupt also tendered the issue that the claims of the three original petitioners did not aggregate the $500 required by the Bankruptcy Act, 11 U.S.C.A. § 95(b). The district court made no finding in this regard. The question whether the claims of the original petitioning creditors exceeded $500 is immaterial in view of the fact that the record shows that prior to the trial of the cause an additional claimant intervened and the total of the claims of the intervening creditor and the original petitioners exceeded $500. That is sufficient to establish this necessary element of jurisdiction. Canute Steamship Company, Ltd., v. Pittsburgh & West Va. Coal Co., 263 U.S. 244, 249, 44 S.Ct. 67, 68 L.Ed. 287.

The case must therefore be reversed for further proceedings pursuant to the views above stated.

Reversed.