In the Matter of Bert F. Hinrichs Company, a Delaware corporation, Alleged Bankrupt.

BERT F. HINRICHS COMPANY, a Delaware corporation, Appellant,

v.

William SCHANEBERG et al., Appellees.

No. 14533.

United States Court of Appeals
Seventh Circuit.

Sept. 30, 1964.

**444**

Patrick A. Barton, John J. Dillon, Chicago, Ill., for Bert F. Hinrichs Co., appellant.

Francis X. Mahoney, Harold R. Nettles, Freeport, Ill., for John G. Harrington, Trustee in Bankruptcy of Bert F. Hinrichs Co.

Charles H. Davis, Rockford, Ill., for Raymond A. Flynn, Trustee in Bankruptcy of Bert F. Hinrichs, a bankrupt, petitioning creditor.

Edward M. Sullivan, Amboy, Illinois, for William C. Schaneberg, O. P. Dickinson, Faye Ellen Murphy, executrix of Will of Irene Anderson, deceased, Robert W. Smith and Le Roy Kreger, Sr., petitioning creditors.

Warren H. Badger, Dixon, Ill., for Marvin Hartley, petitioning creditor.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

PER CURIAM.

The appellant prosecutes this appeal from an order of the District Court ratifying and confirming the findings of fact, conclusions of law, and the order of the referee in bankruptcy adjudicating it a bankrupt.

Two judgments were entered against appellant by an Illinois Justice of the Peace. Executions were issued on the judgments and delivered to the constable. Under Illinois law liens arose upon appellant's personal property when the executions were issued and delivered. Appellant did not vacate or discharge the liens within a thirty day period. No levy and return having been made the liens expired after seventy days. The petition for adjudication was filed five days thereafter.

■ We conceive the main issue presented by the appeal to be whether an involuntary adjudication of bankruptcy premised on 11 U.S.C.A. § 21, sub. a(3) requires that the lien suffered or permitted to remain unvacated and undischarged for the thirty day period also remain unexpired at the time the petition is filed. We agree with the conclusion reached by the referee and the District Court that it need not. In our opinion the "act of bankruptcy" is the failure to vacate or discharge the lien during the thirty day period from the date of its inception. Cf. Weinbrenner, Inc. v. Finne, 9 Cir., 105 F.2d 272.

■ The record amply supports the finding of insolvency as of the time of failure to vacate or discharge the liens and at the time the petition was filed.

 

We have considered the additional and subsidiary issues raised, the arguments advanced by the appellant pertaining thereto, and the cases cited and relied upon in connection therewith, but we are of the view that none of them merit discussion.

The order of the District Court is affirmed.

. Affirmed.