In re RISTEEN.

(District Court, D. Massachusetts.    May 9, 1903.)

No. 7,347.

1. INVOLUNTARY BANKRUPTCY—SERVICE OF PROCESS—LEAVING COPY AT RESI-
   DENCE—SUFFICIENCY.

   Bankruptcy Act 1898, § 18a, Act July 1, 1898, 30 Stat. 551, c. 541 [U. S.
   Comp. St. 1901, p. 3429], as amended by Act Feb. 5, 1903, § 6, 32 Stat.
   798, c. 487, provides that service on an involuntary bankrupt shall be
   made as in suits in equity, "but, in case personal service cannot be-
   made," then notice shall be published as provided by law in suits to en-
   force liens, such provision being made by Act March 3, 1875, c. 137, § 8,.
   18 Stat. 472 [U. S. Comp. St. 1901, p. 513]. Equity Rule 13 provides that
   service of subpœnas shall be by delivery of a copy to defendant per-
   sonally, or by leaving a copy at the dwelling house or usual place of
   abode, with some adult member or resident in the family. Form 4 (18.
   Sup. Ct. xx) prescribed by the Supreme Court, entitled "Order to Show
   Cause upon Creditors' Petition," directs that a copy of the petition, with
   a subpœna, shall be served by delivering to the defendant personally, or·
   by leaving the same at his last and usual place of abode in the district,.
   *Held*, that service by leaving a copy of the petition in involuntary pro-
   ceedings, with the subpœna, with the clerk of a hotel, of which the bank-
   rupt was proprietor, and where he usually resided, was sufficient, though
   the bankrupt was absent in another town, sick and unconscious, and died.
   two days later, without regaining consciousness.

2. SAME—MEMBER OF FAMILY—HOTEL CLERK.

   The hotel clerk was an "adult member or resident in the family" of·
   the bankrupt.

In Bankruptcy.

Rogers & Worth, for petitioning creditors.

William W. Towle, for executrix.

LOWELL, District Judge.    This was an involuntary petition,
against the proprietor and manager of the Copley Square Hotel, sit--
uated in Boston, and containing 180 rooms, where the respondent
had his usual .place of abode.    On March 2, 1903, at the time the·
officer went to the hotel, the respondent was lying ill and uncon-
scious in Newton, where he had been for several days.    The officer·
handed the subpœna and copy of the petition to the clerk of the·
hotel, who informed the officer that the respondent was not there,.
but was at Newton, and that he would give the papers to him.    The
respondent never received the papers, and had no knowledge of the·
service, but died unconscious early on the morning of March 4th.
His executrix now pleads in abatement that the service was insuffi-
cient.

Section 18a of the bankrupt act, Act July 1, 1898, 30 Stat. 551,.
c. 541 [U. S. Comp. St. 1901, p. 3429], as amended by the Ray Bill,.
Act Feb. 5, 1903, § 6, 32 Stat. 798, c. 487, provides, in substance,.
that service of the petition "with a writ of subpœna shall be made
upon the person therein named as defendant, in the same manner·
in which service of such process is now had upon the commence-
ment of a suit in equity in the courts of the United States"; "but, in·
case personal service cannot be made, then notice shall be given by·

publication in the same manner and for the same time as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States." The reference to service of process upon the commencement of a suit in equity in the United States courts is plainly to equity rule 13, which provides that "the service of all subpœnas shall be by a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling house or usual place of abode of each defendant with some adult person who is a member or resident in the family." This court has to determine whether valid service of a creditors' petition in bankruptcy can be made upon the respondent in both the methods provided by equity rule 13, viz.: (1) By delivery to the respondent personally, and (2) by leaving a copy at his usual place of abode; or, on the other hand, valid service is restricted by the qualifying clause of section 18a to the first method; so that, where service by delivery to the respondent personally cannot be made, there must be a publication in the manner provided by the statute of March 3, 1875, c. 137, § 8, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513], the law referred to in the latter part of section 18a. Can an involuntary petition be validly served upon the respondent by leaving the subpœna and copy of the petition at his last and usual place of abode, or is valid service limited to a delivery to the respondent personally and to a publication according to the statute of 1875? This question seems to be settled by form 4 attached to the general orders promulgated by the Supreme Court (18 Sup. Ct. xx). The form entitled "Order to Show Cause upon Creditors' Petition" expressly directs "that a copy of said petition together with a writ of subpœna be served upon said ———— by delivering the same to him personally, or by leaving the same at his last and usual place of abode in said district." With this construction of the statute agree Loveland on Bankruptcy, p. 157, and Brandenburg on Bankruptcy, p. 284, and the practice in this district up to the present time. If in the case at bar this court had actually made an order according to form 4, the service here made would have been that prescribed by the express terms of the order. In accordance with the usual practice in this district, no formal "order to show cause upon creditors' petition" was actually entered by this court. The omission cannot invalidate the service or affect the construction put upon section 18a by the Supreme Court.

If the Supreme Court had not thus interpreted the section of the bankrupt act in question, there might be reason to hold that the qualifying phrase, "but in case personal service cannot be made," was intended to require publication, where service upon the respondent in person could not be had. It seems that "personal service" ordinarily means service upon the defendant personally, and ordinarily does not include service by leaving a notice at his last and usual place of abode. See the act of 1875, above referred to. See, also, Rev. Laws Mass. c. 167, § 31; Id. c. 177, § 52; Id. c. 78, § 12; Id. c. 178, § 44. It is also true that form 4, promulgated by the Supreme Court, is substantially identical with form 57, 18 Sup. Ct. xlv, in use under the act of 1867 (Avery & Hobbs on Bankruptcy, p. 436),

by which act service at the last and usual place of abode was expressly allowed. See Collier on Bankruptcy (4th Ed.) p. 212. Yet, while forms in use under the act of 1867 were evidently referred to in preparing forms for use under the act of 1898, it is not for this court to assume that the Supreme Court improvidently adopted from the earlier act a form not applicable to the present act. Such a decision cannot properly be reached by any tribunal other than the Supreme Court itself.

Convenience favors the construction of the statute thus adopted. While it is quite possible that a service at his last and usual place of abode may remain unknown to the respondent, yet this service is more likely to come to his knowledge than a service made by publication in a newspaper. The fact that the respondent was and remained unconscious does not appear to me material, especially in view of the provision that neither the death nor the insanity of the bankrupt shall abate the proceedings. See section 8a.

No objection was made to the form of the officer's return, or to its failure to state that the copy had been left with "some adult person who is a member or resident in the family." In this district it has not been customary to insert these words in the return, either in bankruptcy or in equity. Our practice differs from that announced in Blythe v. Hinckley (C. C.) 84 Fed. 228, 239. That the hotel clerk is an adult member or resident in the family of the hotel proprietor appears plain.