### SIDNEY L. BAUMAN DIAMOND CO. et al. v. HART et al.

### In re FOLANDER.

(Circuit Court of Appeals, Fifth Circuit. December 30, 1911.)

#### No. 2,144.

1. BANKRUPTCY (§ 86*)—ADJUDICATION—SERVICE—PUBLICATION—ORDER.

Bankruptcy Act July 1, 1898, c. 541, § 18a, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), as amended by Act Cong. Feb. 5, 1903, c. 487, § 6, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1311), provides that in case personal service cannot be made, notice of the involuntary bankruptcy proceedings shall be given by publication in the same manner and for the same time as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the judge shall otherwise direct, the notice shall be published not less than once a week for two consecutive weeks, and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

return day shall be 10 days after the last publication unless the judge shall fix a longer time. Act Cong. March 3, 1875, c. 137, § 8. 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), relating to notice by publication in suits to enforce a legal or equitable lien in federal courts, provides that where personal service on an absent defendant is not practicable, the order directing him to appear and answer shall be published in such manner as the court may direct, etc. *Held* that, where an alleged involuntary bankrupt had absconded so that personal service was impossible, such provisions required the publication of an order designating a day on which the bankrupt was required to appear and demur, answer, or plead; and hence, where the order for publication did not designate a time for appearance, and the citation issued by the clerk, directing the marshal to summon the bankrupt, was published instead of the order for publication, no jurisdiction to render an adjudication was thereby conferred.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 86.*]

2. Bankruptcy (§ 86*)—Service by Publication—State Receiver.

Where service of notice of involuntary bankruptcy proceedings was made on the bankrupt, who had absconded, by publication, personal service other than by publication was not required by Act Cong. March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513) to be made on a receiver appointed by a state court in possession of certain of the bankrupt's property.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 86.*]

3. Bankruptcy (§ 20*)—Receivers—Notice to State Court Receiver.

Where, at the time involuntary bankruptcy proceedings were instituted against the alleged bankrupt, who had absconded, a receiver had been appointed by a state court, and another receiver was applied for in the bankruptcy proceedings, to be appointed at the same time as the adjudication, notice of such application should have been given to the state court receiver.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 20.*]

Appeal from the District Court of the United States for the Eastern District of Texas.

In the matter of bankruptcy proceedings of M. Folander. From an order overruling a motion to set aside an adjudication on an involuntary petition of Dick Hart and others, the Sidney L. Bauman Diamond Company and others appeal. Adjudication set aside and cause remanded for further proceedings.

This was an appeal from the order of the District Court, made by its referee in bankruptcy, adjudicating the bankrupt, who had absconded, by default and appointing a receiver for his property, and from an order overruling a motion to set aside the adjudication. The adjudication was had upon substituted service. A subpœna directed to the bankrupt having been returned "not found" by the marshal, the court thereupon entered an order in the following words: "The within petition being considered it is ordered by the court that the said M. Folander (the bankrupt) be cited by publication to answer the involuntary petition in bankruptcy heretofore filed against him, and that said citation be published once a week for two consecutive weeks in the Daily Courier-Times, a paper published at Tyler, Smith county, Texas." Upon this order the clerk issued a citation, which was published pursuant to the court's order, and which was directed to the marshal of the district in the following language: "You are hereby commanded that by making publication of this citation in the Daily Courier-Times, a daily newspaper published at Tyler in the county of Smith, state of Texas, in said district, for two separate days, to wit, on the 19th day of April, and the 26th day of April, A. D. 1910, and previous to the return day here-

of, you summons M. Folander, who is alleged to be a nonresident of the district and whose whereabouts cannot be ascertained, to be and appear before the said District Court of the United States for the Eastern District of Texas, at Tyler Division in Bankruptcy, in the city of Tyler, on the 7th day of May, A. D. 1910, then and there to answer the petition filed in said court on the 3d day of March, A. D. 1910, wherein Mary Corbitz et al., are petitioners, said petition being in substance that the said M. Folander is insolvent, and while insolvent committed an act of bankruptcy, in that he did on or about the 1st day of January, 1909, convert a large part of his property into money and diamonds, and absconded, taking said money and diamonds with him, thereby concealing and removing said property with the intent to hinder, delay, and defraud his creditors, and that he did while insolvent suffer and permit certain creditors to obtain a preference through legal proceedings, which preference he has made no attempt to vacate or set aside, and praying that he be declared a bankrupt. Herein fail not, but have with you then and there before said court this writ with your return thereon, showing how you have executed the same. Witness the Honorable Waller T. Burns, Acting Judge of the United States District Court for the Eastern District of Texas."

It was upon service by publication, so perfected, that the order of adjudication was made, there being no voluntary appearance by the bankrupt or intervening creditors.

The order adjudicating the bankrupt also contained the appointment of the receiver, and is as follows: "At Tyler in said Eastern district of Texas, on this, the 13th day of May, A. D. 1910, there came on to be heard before me, S. D. Reaves, referee, under order of reference from the clerk of the District Court of the United States for the Eastern District of Texas, the judge of said court being absent from this district, or from this division of said district, the petition of Mary Corbitz, Dick Hart and W. A. Andrews, praying that M. Folander be adjudged a bankrupt within the true intent and meaning of the acts of Congress relating to bankruptcy; and the same having been heard and duly considered by me, the said M. Folander is hereby declared and adjudged bankrupt accordingly. It is further ordered, adjudged and decreed by the court that Thos. D. Bonner, of Tyler, Smith county, Texas, be, and he is thereby appointed receiver of the estate of said M. Folander, with authority to take immediate possession of same, and his bond is fixed in the sum of two thousand five hundred ($2,500.00) dollars. Witness my hand at Tyler, Texas, this the 13th day of May, A. D. 1910."

It was entered by the referee upon certificate of the clerk that the judge was out of the district. No application for the appointment of a receiver appears from the record to have been made by the petitioning creditors. No bond appears to have been given by them, nor was any notice of the appointment of the receiver given the bankrupt or the person in possession of the property seized, though the petition alleged the appointment of a receiver by the state court.

Prior to the time of the filing of the petition in bankruptcy, a suit against the bankrupt had been instituted by his wife in the state court, and a receiver of the bankrupt's property was appointed by the state court and was in possession of the property at the time of the filing of the petition.

P. W. Brown, for appellants.

Lasseter & McIlwaine (H. E. Lasseter, on the brief), for appellees.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). [1] The appellants are creditors of the bankrupt and are entitled, as such, to have intervened and resisted the adjudication, if they had received timely notice. They complain of the order of adjudication entered in their absence and by default, upon many grounds. The question

that presents itself to the court upon the threshold is whether the District Court or its referee acquired jurisdiction to adjudicate the bankrupt upon the substituted service shown by the record to have been had. Section 18 of the bankruptcy act of 1898, as amended in 1903, provides:

"But in case personal service cannot be made, then notice shall be given by publication in the same manner and for the same time as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the judge shall otherwise direct, the order shall be published not more than once a week for two consecutive weeks, and the return day shall be ten days after the last publication unless the judge shall for cause fix a longer time."

The act of March 3, 1875, § 8, relates to notice by publication in suits to enforce a legal or equitable lien in the courts of the United States, and provides that in cases where one or more defendants shall not be inhabitants of or found in the district and shall not voluntarily appear—

"it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon a person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks."

It is apparent from both section 18 of the bankruptcy act and from section 8 of the act of March 3, 1875, that it is the order of the court directing the substituted service upon the absent defendant or bankrupt that is to be published, and that this order shall designate a day upon which the absent defendant or bankrupt is required to appear and demur, answer, or plead. The order of the court is in no sense process. In the case of Forsyth v. Pierson (D. C.) 9 Fed. 801-803, the court said:

"The act says the absent defendant shall be ordered to appear on a day to be designated in the order—not on a rule day. And furthermore, the order for the appearance of the absent defendant is not a subpœna or process within the meaning of rule 17 or rule 15 [29 Sup. Ct. xxvi, xxvii] which provides that the service of all process, mesne or final, shall be by the marshal of the district or by his deputy or by some other person specially appointed for that purpose."

In the case of Bracken v. Union Pacific Ry. Co., 56 Fed. 447-449, 5 C. C. A. 548, 550, the Circuit Court of Appeals for the Eighth Circuit said:

"The mode provided by the act of Congress for acquiring jurisdiction over an absent defendant by publication is exclusive of any other mode, and to render such service effectual, the requirements of the statute must be strictly pursued. In this case there was a total failure to comply with the requirements of the act of Congress. There was no order of the court directing the defendant to appear by a designated day; there was nothing to show that such an order if made could not have been personally served on the defendant and the person in possession of the property; and no such order was published for six consecutive weeks, as required by the act."

In the case of United States v. American Lumber Co. (D. C.) 80 Fed. 309–312, the court said:

"In the second place, the only proper and legal method provided by the laws of the United States for the service of extraterritorial process in a certain class of cases, upon absent or nonresident defendants, is by obtaining the special order of service, sometimes termed the 'warning order' as required by section 8 of the act of March 3, 1875. That it is competent for Congress to provide for extraterritorial service, so long as such service does not violate the constitutional guaranty of 'due process by law' is well settled (citing cases). The special order of service, required to be obtained by the act referred to, is not a subpœna or a summons."

From these decisions, it follows that, in order to accomplish substituted service under section 8 of the act of March 3, 1875, it is necessary (1) that the court make an order designating a day upon which the absent defendant is required to appear and demur, answer or plead, and (2) that the order of the court be published the required time. It also appears that the method prescribed by the act of Congress is exclusive and must be strictly pursued. In this case the order of the judge did not designate any day upon which the defendant was required to appear and demur, answer or plead, but merely directed that the bankrupt be cited by publication, and that the citation be published once a week for two consecutive weeks in the Daily Courier-Times, a paper published at Tyler, Smith county, Tex. The order itself was defective for this reason. Again, the publication was defective in that the order of the court was not published, but instead of it a citation issued by the clerk directing the marshal to summon the bankrupt by making publication of the citation, which contained a direction to the bankrupt to appear before the court at a time and place named in the citation to answer the petition in bankruptcy.

We are constrained to hold that the method pursued in this case was not in substantial conformity to the requirements of section 18 of the bankruptcy act in that the order of the court did not designate the day upon which the bankrupt was required to appear and answer, and, further, in that the order of the court was not published as is expressly required by section 18 of the bankruptcy act and by section 8 of the act of March 3, 1875, and for that reason the order of adjudication must be set aside and the cause remanded to the District Court.

[2] The contention of appellants that the order should have been served on the state receiver in possession or charge of the property seems to be answered by the fact that the act of March 3, 1875, requires such service on the person in possession only when service is had upon the defendant in person in another district, and not when service is had upon the defendant by publication. Publication is constructive notice to the person in possession as well as to the defendant.

[3] The order of adjudication also contains the appointment of a receiver for the bankrupt's property, which was then in the custody of the state court through its receiver. No notice appears to have been given the bankrupt or the receiver of the application for a receiver. Notice to the bankrupt is excused by the showing in the petition that he had absconded. Notice to the state court receiver should have

been given, in view of the fact that the receiver in bankruptcy when appointed is entitled to supersede the possession of the receiver in the state court (Faulk & Co. v. Steiner, 21 Am. Bankr. Rep. 623, 165 Fed. 861, 91 C. C. A. 547). Nor were the petitioning creditors required to execute a bond as a condition of being allowed to seize the property. An appeal does not lie from an order of the District Court appointing a receiver in bankruptcy, but as the appointment in this case was made by the same order adjudicating the bankrupt, which has been reversed and set aside on this appeal, the appointment of the receiver falls with it.

Appellees contend that no injury to the bankrupt or intervening creditors is shown because it abundantly appears that the bankrupt was insolvent and had committed an act of bankruptcy and cannot, therefore, escape the adjudication after the case is remanded. It is enough that the bankrupt and intervening creditors were deprived of an opportunity to contest these facts, if they desired, by the failure to give the character of notice which alone could avail to bring them into court.

The order adjudicating the bankrupt and appointing a receiver of his property is set aside, and the cause remanded to the District Court for further proceedings.