## In re CLARKE.

District Court, S. D. New York.

Aug. 21, 1940.

Joseph W. Kaufman, of New York City, for alleged bankrupt.

Benjamin I. Sperling, of New York City (Abraham I. Menin, of New York City, of counsel), for creditor.

CONGER, District Judge.

This is a motion to vacate a subpoena directed to Ella R. Clarke, an alleged bankrupt. The subpoena was dated July 25, 1940; was served with the petition on July 29, 1940, at least five days before the return day as required by the Bankruptcy Act, and was returnable August 4, 1940, ten days after the date of issuance.

■ The subpoena complained of is the official form and complies with the statute. The subpoena must be returnable within ten days. Section 18, Bankruptcy Act, 11 U.S.C.A. § 41. This subpoena was returnable within the ten days. The fact that the return date was Sunday, August 4, 1940, is nothing more than a mere irregularity. This date is automatically, and by law continued until Monday.

Under the Bankruptcy Act, Section 18, sub. b, the alleged bankrupt still had, after August 4th, five further days in which to appear and plead after the return day (August 4th). While this is not separately set forth in the subpoena, it is a right she had. Had action been taken against her between August 4th and August 9th, a different ruling would have been made herein.

■ I do not regard that the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, changes the procedure, respecting the bankruptcy provision regarding the issuance and serving of subpoenae. As a matter of fact General Order 37, 11 U.S.C.A. following section 53, does provide that the Rules of Civil Procedure of the District Courts of the United States shall insofar "as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be." The provisions of the Bankruptcy Act regarding the issuance and serving of subpoenae differ, and are inconsistent with the Rules of Civil Procedure, particularly Rule 4. Therefore the provisions of the Bankruptcy Act prevail. No substantial right of the alleged bankrupt has been in any way interfered with.

Motion denied. The alleged bankrupt to have five days in which to answer the subpoena after the service upon her of the order herein with notice of entry thereon. Settle order on notice.