## SOUTHARD & CO., LIMITED, v.
### SALINGER.
### No. 7459.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1941.

Frank E. McAllister and Maxfield Weisbrod, both of Chicago, Ill., for appellant.

Austin L. Wyman and Daniel P. Nagle, both of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This appeal challenges an order entered by the District Court temporarily restraining defendants from negotiating certain warehouse receipts alleged to be in their possession and appointing a receiver to preserve such property.

Plaintiff in its complaint alleges, among other things, that it is an English Corporation and engaged in the business of distributing and selling liquors; that it shipped 1250 cases of Scotch whiskey to the United States and delivered the same to the defendant, General Exporting Company, an Illinois Corporation, to be held by it as agent for the plaintiff and subject to plaintiff's orders with respect to disposition; that the General Exporting Company, on behalf of plaintiff, caused such whiskey to be placed in warehouses and warehouse receipts issued therefor in the name of General Exporting Company; that the Exporting Company has no interest whatever in such whiskey or in such warehouse receipts, but that same are the property of the plaintiff; that at least one of the warehouse receipts is negotiable in character. The complaint further alleges that the individual defendant, Benjamin Salinger, a citizen and resident of Illinois, is an agent or employee of the defendant Exporting Company, has in his possession, custody and control each of said warehouse receipts and refuses to deliver the same to plaintiff on demand; that neither Salinger nor the Exporting Company has any lien upon such whiskey or warehouse receipts and has no right or claim whatsoever to them; and that the defendant Salinger is insolvent and will attempt to dispose of such whiskey or warehouse receipts contrary to the wishes of plaintiff.

Upon the filing of the verified complaint and without notice to defendants the order complained of was issued against both defendants. The corporate defendant does not appeal. There are other allegations in the complaint and other relief prayed not pertinent to a disposition of the present appeal.

Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which is substantially the same as Section 381 of 28 U.S.C.A., in reference to preliminary injunctions and temporary restraining orders, provides that "every temporary restraining order granted without notice * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes * * *." The restraining order in question did not provide any time for its expiration and, therefore, in all events, expended its force after the expiration of ten days from its entry, May 29, 1940. Indeed, the Court was without power to give it vitality for a longer period, except upon certain conditions not here present.

On July 29, 1940, appellant filed in the District Court his motion to dissolve the restraining order, and on August 17, 1940, filed in the District Court his amended and supplemental motion to dissolve the

same. Such motions remained undisposed of in the District Court at the time defendant Salinger filed this appeal on August 22, 1940. The temporary restraining order was not followed by any application or hearing for either a temporary or permanent injunction.

It thus appears that the question of whether the temporary restraining order was providently issued became moot long before this appeal was filed. It had, by force of the statute and rule referred to, expired of its own limitations and had become ineffective so far as the parties therein restrained were concerned.

Counsel for appellant in this court avows in open court that appellant never possessed the warehouse receipts in question, does not now possess them, and never has and does not now claim any interest whatsoever in the same. It follows that he has no interest in the order appointing a Receiver.

The Court will not, under such circumstances, consider whether the order of the District Court was properly entered or not. The appeal is dismissed.