**BENITEZ et al. v. ANCIANI et al.**

No. 3666.

Circuit Court of Appeals, First Circuit.

March 23, 1942.

Francisco Capo Pagan, of Ponce, P. R., for appellant.

Kenneth B. Williams, of Boston, Mass., and Frank Torres, of Ponce, P. R., for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This case involves appeals from several orders of the district court sitting in bankruptcy.

Adela Rosaly Capo, Viuda de Seix, the debtor, on June 30, 1936, filed a petition in the district court for an extension of time in which to pay her debts under Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. She later filed an amended petition and also an extension proposal. The proposal was confirmed on April 20, 1937, by an order of the referee which stated: "This court of bankruptcy retains jurisdiction in these proceedings exclusively for the purpose of determining any violation of the terms of the proposal." On June 30, 1940, Rosa Maria Anciani, a secured creditor, filed a petition alleging that the debtor had violated the terms of the proposal and had prolonged the proceedings for the purpose of delaying creditors. The petitioner

prayed that the debtor be adjudged a bankrupt and her estate be liquidated. Action on the petition was postponed because the debtor was seriously ill. On August 13, 1940, the debtor died.

The creditors then filed an amended petition on October 11, 1940, which alleged that the debtor had died and that her only heirs were Julio Octavio Seix and Jaime Seix Irahola. The court was asked to adjudge the estate a bankrupt, order a liquidation and appoint "a trustee or other like officer". A copy of the amended petition was sent by the attorney for the creditors to Julio Octavio Seix. The amended petition was set down for hearing on October 18, 1940, and notice was sent to Fernando B. Fornaris as "Atty. for debtor's Estate." Fornaris asked the court to strike his name from the record since he was not attorney for the estate. This was granted by the court. While it does not appear that the attorney for the creditors sent notice of the hearing on the amended petition to Julio Octavio Seix, Seix sent a letter, dated October 11, 1940, to the district court acknowledging receipt of the amended petition and notice of the hearing, and objecting to jurisdiction and the holding of the hearing on October 18, 1940.

When the case came on for hearing on October 18, 1940, the court entered the following order: "The hearing is continued and the Court allows the surviving heirs to the said Estate two weeks to obtain services of an attorney to represent them." On this same day Seix filed a motion to revive asking that he and Jaime Seix Irahola be made parties to the proceeding and that notice of the hearing on the motion to revive be sent to Irahola. The creditors then filed a petition entitled: "Consent to Allow Debtor's Estate or Successors in Interest to Appeal and Defend, and Setting Date for Hearing". This petition stated:

"4th. That no service of said Petition for Bankruptcy Adjudication etc., [the amended petition] herein described, was made upon said Jaime Seix Irahola, mentioned in preceding paragraph 2nd. as one of the representatives of the debtor's estate."

    \*     \*     \*     \*     \*

"7th. That although Julio Octavio Seix has individually appeared as one of the debtor's heirs, the said Jaime Seix Irahola has not recorded his appearance.

"8th. That according to record information submitted by Julio Octavio Seix, in his 'Motion to Revive' dated October 17, 1940, the said debtor's heir Jaime Seix Irahola, has his business address at number 420 Lexington Avenue, New York, N. Y., where he can be served with process from this Court."

The petition prayed that the amended petition and the motion to revive "be both set for a hearing not later than Friday, the 22nd day of November, 1940", and that notice of the hearing on the amended petition and the motion be sent to Seix and Irahola. On October 26, 1940, the court ordered that copies of the amended petition, the motion to revive, "the consent" and of the order itself be mailed to Seix and Irahola informing them that a hearing on these matters was to be held on November 22, 1940, "or as soon thereafter as they can be heard". A letter of the clerk of the district court to Seix reveals that the letter which was sent to Irahola "was returned as he was not found at said address".

Two days after the entry of the court's order, the creditors filed a petition in the district court praying that the debtor's heirs be restrained from settling without consent of the bankruptcy court a civil action which had been instituted by the debtor and was pending in the Insular District Court at Ponce, Puerto Rico. The attorney for the creditors sent a copy of this petition by mail to Seix, Irahola and Erasto J. Arjona Siaca as "Atty. for Debtor's Intestate." Siaca petitioned the court to strike his name from the record since he was "not the attorney for any such estate".

On November 22, 1940, the day set for the hearing, Seix filed a motion praying that the court vacate the order of October 26, 1940, and strike from the record the original petition, the amended petition, "the consent" and the application for the restraining order. He also asked that the motion to revive be dismissed without prejudice if the motion to strike were granted but that if the motion to strike were not granted the hearing be continued until the next term of the court. A court order filed on November 29, 1940, recited that at the hearing held on November 22, 1940, "None of the debtor's successors * * * appeared personally or by attorney. The then acting Judge, held that this court had acquired jurisdiction over the non-resident successor. * * *" It

also stated that the amended petition and the application for restraining order "were adjourned to be continued for hearing and determination November 29, 1940." On November 29, 1940, the court "hereby sets the final hearing of said motions before this court for December 6, 1940 * * * or as soon thereafter as counsel can be heard". The following order was also entered: "The Court also temporarily restrains debtor's successor's from settling without the consent of this Court, civil suit number 626, pending before the Insular District Court for Ponce, Puerto Rico, as alleged in the moving papers, and to so notify the Secretary (Clerk) of that Court." It was also ordered that a copy of this order be mailed to Seix and Irahola.

On December 2, 1940, Seix filed a demand for a jury trial and on December 6, 1940, the day set for hearing on the amended petition and the application for the restraining order, filed a petition challenging the jurisdiction of the court on various grounds and asking dismissal of the motion to revive. If he lost on the jurisdictional grounds, he wanted time to file an answer and also to have his demand for a jury trial granted. The journal entry for December 6, 1940 says: "The application for compulsory bankruptcy and liquidation of estate, the motion to strike from record and the application for restraining order comes on to be heard. Frank Torres, Esq., appears in behalf of creditors. The Court hears said attorney and takes the matters under submission."

On December 26, 1940, Seix filed with the court a petition asking that the order of November 29, 1940, be vacated in its entirety, and on the same day filed a notice which recited that a letter had been sent to counsel for the creditors stating that a hearing would be held on the petition to vacate on December 27, 1940. The court, also on December 26, 1940, ordered that "the estate of Adela Rosaly Vda. de Seix be, and the same is hereby ordered liquidated in accordance with the Bankruptcy Act, and referred, to Frank Bianchi, Referee in Bankruptcy". It also ordered that "Whereas on the 26th day of December, A. D. 1940, the estate of Adela Rosaly Vda. de Seix was adjudged a bankrupt. * * * That the application for a restraining order * * * be and the same is hereby referred to the said Referee for final determination". Two days later Seix and Irahola and creditors filed a notice of

appeal from the order of November 29, 1940, temporarily restraining Seix and Irahola from settling the civil suit in the Insular District Court at Ponce, Puerto Rico, and from the order of December 26, 1940, under which "the estate of Adela Rosaly Vda. de Seix, was adjudged a bankrupt," "ordered liquidated," and the "application for a restraining order * * * referred to the * * * Referee for final determination."

On December 30, 1940, the referee entered an order appointing Enrique Armstrong a temporary receiver, and on February 8, 1941, a notice of appeal from this order of December 30, 1940 was filed.

On February 21, 1941, the appellants filed a petition to vacate the appointment of the temporary receiver, appearing "specially and exclusively for the object of filing this petition, without admitting the jurisdiction of this Court". The court denied this petition to vacate on February 28, 1941. The temporary receiver failed to qualify and on March 5, 1941, the referee appointed Miguel Mayol Arbona receiver and the district judge approved the appointment. On March 28, 1941 the appellants filed notice of appeal from the order denying the petition to vacate the appointment of the temporary receiver and also from the order appointing Mayol receiver.

Succinctly stated, the appellants have appealed from the following orders:

(1) the order temporarily restraining Seix and Irahola from settling the civil suit;

(2) the order adjudicating the estate a bankrupt and directing its liquidation;

(3) the order referring the restraining order to the referee for final determination;

(4) the order appointing Armstrong temporary receiver;

(5) the order denying the petition to vacate the appointment of the temporary receiver; and

(6) the order appointing Mayol receiver.

The first, fourth and fifth orders.

While it would perhaps be possible to dispose of these orders on other grounds, we are dismissing the appeals with respect to them because the issues have become moot.

On October 28, 1940, the creditors filed an application asking that Seix and Irahola

be restrained from settling a civil suit which had been instituted by the debtor in the Insular District Court at Ponce, Puerto Rico. A copy of the application was sent to Seix and Irahola. The application was never set down for hearing and no notice of a hearing on the application was sent to Seix or Irahola. On November 29, 1940, the court issued an order temporarily restraining Seix and Irahola from settling the suit. Rule 65, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, provides:

"(b) * * * Every temporary restraining order granted without notice * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes * * *."

■■ Since the application was never set down for hearing and since Seix and Irahola received no notice of a hearing on the application, it would appear to be clear that they did not receive notice within the meaning of Rule 65, even though copies of the petition were mailed to them. Consequently, this temporary restraining order expired after ten days. Rule 65(b); Southard & Co., Ltd., v. Salinger, 7 Cir., 117 F.2d 194. This order has become moot and the appeal as to it is dismissed.

■ Since Armstrong never qualified as receiver, the fourth and fifth orders have become moot. The appeal as to these orders is also dismissed.

The second, third and sixth orders.

■ The appellants contend that the order adjudicating the estate a bankrupt and directing its liquidation was erroneous because Jaime Seix Irahola, a resident of New York and heir of the debtor, did not receive proper notice of the proceedings. It is well established that the death of the debtor after the filing of the petition will not abate the bankruptcy proceedings. Rules 25 and 81(a)(1), Fed.Rules Civ. Proc.; General Order in Bankruptcy 37, 11 U.S.C.A. following section 53; Bankruptcy Act § 8, U.S.C.A. Title 11, c. 3, § 26; In re Schwab, 9 Cir., 1936, 83 F.2d 526; Shute v. Patterson, 8 Cir., 1906, 147 F. 509. "This of course does not mean that the proceedings shall go forward before adjudication without any one representing the estate of the deceased. * * * it is necessary to bring in the representatives of the decedent by appropriate proceeding". In re Schwab, supra, 83 F.2d at page 529.

As was said in Shute v. Patterson, supra, 147 F. at pages 512, 513:

"It is necessary that upon the death of the bankrupt before adjudication there should be brought into the proceedings, by personal or substituted service as conditions require, those who in law represent his estate. * * * We are of the opinion that the heirs and personal representatives of the deceased bankrupt should be brought in before adjudication, and that in doing so *the court of bankruptcy may after the appropriate orders frame its process, personal or substituted, in analogy to the rules prescribed by the bankruptcy act for process to a bankrupt."* (Italics supplied.)

■ Before the court could have ordered bankruptcy adjudication and liquidation in this case it was necessary to notify the non-resident Irahola of the proceedings in the same manner as if he were an original debtor.

We must determine the proper method of bringing a non-resident debtor into the proceedings. This requires an examination of the Federal Rules of Civil Procedure and the Bankruptcy Act. The Federal Rules provide:

"These rules * * * do not apply to proceedings in bankruptcy * * * except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." Rule 81(a)(1), Federal Rules Civil Procedure.

The Supreme Court has promulgated a general order in bankruptcy which provides that the new Federal Rules shall insofar "as they are not inconsistent with the [Bankruptcy] Act or with these general orders, be followed as nearly as may be." General Order No. 37. Rule 4(e), Federal Rules Civil Procedure provides:

"Whenever a statute of the United States or an order of court provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order."

Section 18, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 41, sub. a, provides:

"Upon the filing of a petition for involuntary bankruptcy, service thereof, with a writ of subpena, shall be made upon the person therein named as defendant. * * * Such service shall be returnable

within ten days, unless the court shall, for cause shown, fix a longer time, and shall be made at least five days prior to the return day, and in other respects shall be made in the same manner that service of such process is had upon the commencement of a suit in equity in the courts of the United States; but in case personal service cannot be made within the time allowed, then notice shall be given by publication in the same manner as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the court shall otherwise direct, the order shall be published only once and the return day shall be five days after such publication."

▪ It would appear to be clear that the applicable statute in this case is section 18, sub. a of the Bankruptcy Act. It was so held in Re Clarke, D.C.N.Y.1940, 35 F. Supp. 227. See the Note on Rule 4(e) written by the Federal Rules Advisory Committee which states that the statute providing for service in cases involving the enforcement of a legal or equitable lien against a non-resident is continued by Rule 4(e). 28 U.S.C.A. § 118.

▪ Since personal service could not be made on Irahola because he was not in the district, and since it does not appear that personal service upon him outside of the district was ever made or was practicable, it follows that notice should have been given "by publication in the same manner as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the court shall otherwise direct, the order shall be published only once and the return day shall be five days after such publication". This Section 18, sub. a has been held to have adopted the publication provision of Section 57 of the Judicial Code, 28 U.S.C.A. § 118. Bauman Diamond Co. v. Hart, 5 Cir., 1911, 192 F. 498; In re Risteen, D.C.Mass.1903, 122 F. 732. Section 57 provides:

" * * * Where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks. In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district * · * *.'"

▪ Therefore it was necessary to have served Irahola by at least one publication. This was not done. However, about five letters were sent to Irahola, two from the court, and three from the attorney for the creditors. Only one of these letters, the first one sent by the court, was returned. We may presume that the other letters were received by him. Since Irahola at least received an equivalent of the statutory method, it might be argued that he had been brought into the proceedings properly. Nevertheless, the statute provides a precise method for service. To hold that the statutory method need not be observed where an equivalent alternative has been employed would open the way for a great deal of litigation and might result in complicated methods of procedure. In the matter of service, it is essential that there be strict observance of the statute. No great burden is placed on the parties in requiring this. There was no publication in this case, and, therefore, Irahola was not brought into the proceedings properly. It follows that the order adjudicating the estate in bankruptcy and directing liquidation was made erroneously and must be set aside.

▪ Since the court was without jurisdiction to adjudicate the estate in bankruptcy, and since in this case the reference of the restraining order to the referee and the appointment of the receiver were necessarily bound up with the adjudication in bankruptcy, it follows that these orders were erroneous and must be set aside.

The second, third and sixth orders are set aside; the appeals from the first, fourth and fifth orders are dismissed, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion. The appellants recover costs of appeal.

MAGRUDER, Circuit Judge (concurring).

The statute prescribes a form of notice by publication as a means reasonably calculated to bring home to the party actual notice of the proceeding. If the statutory form of notice is not complied with, and some other method of notification is utilized, it is clear that there is a fatal defect unless the alternative form of notification results in actual notice to the party far enough in advance of the scheduled hearing so as to afford him reasonable opportunity to protect his interests. But if the alternative form of notification did result in such actual notice, I should be reluctant to hold that the failure to make the statutory publication invalidated the proceedings. However, it seems to me unnecessary to decide this technical point in the case at bar. We do not know that Irahola was actually at the New York address to which the various notices were sent; indeed, the inference might be to the contrary, for the first notice, despatched by the clerk of the district court, was returned, according to the record, because Irahola "was not found at said address". In such circumstances, where the statutory requirement of notice by publication was disregarded, it seems to me unwarranted to "presume" that the other letters of notification were actually received by Irahola.