**CORPUS CHRISTI LINEN SERVICE
v. WRIGHT.**

No. 12501.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 14, 1953.

Rehearing Denied Feb. 9, 1953.

Ted M. Anderson, Corpus Christi, for appellant.

Pichinson & Utter, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Corpus Christi Linen Service, seeking a temporary injunction against C. C. Wright, restraining him from "soliciting, calling for or delivering laundered or unlaundered towel or linen supplies for himself or for any other person, persons, company, associations, or corporations who shall have been customers of Plaintiff or its assignor or from soliciting, diverting, taking away, or attempting to solicit, divert or take away any of the customers of Plaintiff or its assignor before October 15, 1952."

The petition was presented to Hon. Cullen W. Briggs, District Judge, on the 4th day of January, 1952, and on that date he granted a temporary restraining order without hearing, as is provided for by Rule 680, Texas Rules of Civil Procedure, to continue in effect until January 14, 1952, at which time he set the application down for a hearing. No further orders were made or entered, so far as this record shows, with reference to this temporary restraining order.

C. C. Wright had entered into a contract of employment with plaintiff's assignor in which he had agreed not to do the thing he was temporarily enjoined from doing.

The case went to trial before a jury on the 14th day of April, 1952, and resulted in judgment, among other things, denying to plaintiff any injunctive relief and awarding to defendant a recovery in the sum of $600 damages occasioned by the wrongful issuance of the temporary restraining order, from which judgment Corpus Christi Linen Service has prosecuted this appeal.

The parties stipulated that Wright was violating the negative provision of his contract. The jury found, however, that appellant, itself, had breached the contract of employment before Wright had done so. No complaint is made with reference to these findings of the jury and, of course, under such findings appellant was not entitled to any injunctive relief against appellee.

Appellant does object to the submission of special issues Nos. 9 and 10 to the jury, upon the ground that there was no evidence requiring such submission. We sustain this exception. The evidence was undisputed that appellee lost $40 per week for such time as the temporary restraining order was in effect. Thus, the only other question to be determined was, How long was the order in effect? Under the record in this case, the order was in effect for only a period of nine days. As a matter of law, we are able to determine appellee's recovery should have been $51.43.

Rule 680 plainly provides that a temporary restraining order issued without notice to the adverse party "shall expire by its terms within such time after entry, not to exceed ten days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record." No order was ever entered extending this temporary restraining order for good cause, or even without good cause.

There seem to be no decisions in this State construing the above language contained in Rule 680, T.R.C.P., but this rule is taken from Rule 65(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and there are decisions of the Federal Court construing that rule.

In Sims v. Greene, 3 Cir., 160 F.2d 512, 516, the Court said:

"We come next to questions respecting the nature and effect of the restraining order issued first upon December 2, 1946 and still in force. In extending the restraint the court below did not observe that provision of Rule 65(b) of the Rules of Civil Pro-

cedure, 28 U.S.C.A. following section 723c, which states, 'The reasons for the extension shall be entered of record.' The court also disregarded the following provision of Rule 65(b), 'In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time * * *.' It is settled that no temporary restraining order may be continued beyond twenty days unless the party against whom the order is directed consents that it may be extended for a longer period. See Section 381 of 28 U.S.C.A. and Rule 65 (b)."

See also, Sims v. Greene, 3 Cir., 161 F. 2d 87; Benitez v. Anciani, 1 Cir., 127 F.2d 121; Southard & Co. v. Salinger, 7 Cir., 117 F.2d 194.

The judgment will be amended so as to change the amount of recovery from $600 to $51.43, and as thus amended the judgment is affirmed.