JOSÉ E. ARRARÁS, ETC., ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, J. C. SANTIAGO MATOS, JUDGE, Respondent; JORGE OSCAR LANDING, ETC., ET AL., Interveners.

No. O-70-25.     Decided January 27, 1972.

*Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General, Dolores Ruiz Zambrana,* and *Américo Serra, Assistant Solicitors General,* for petitioners. *Jorge Luis Landing* and *José Aulet* for interveners.

MR. JUSTICE MARTÍN delivered the opinion of the Court.

The students of the Mayagüez campus of the University of Puerto Rico, Jorge Oscar Landing, Rubén Arcelay, and Francisco Pérez, interveners herein, filed in the Superior Court, Caguas Part, a petition entitled "Petition for a Restraining Order," where they allege that the defendants, petitioners herein, José E. Arrarás and Rafael Pietri Oms, who respectively hold the positions of Rector of the Mayagüez campus, the first, and President of the Discipline Board of said campus, the second, have preferred charges against them and intend to take sanctions against them for having organized an activity

consisting in an unauthorized meeting and picket, in violation of section 7 of Art. X of the General Student Regulations of the University of Puerto Rico.

Along with the petition for a restraining order a photocopy of the writing of the preferment of charges against the student Jorge Landing was enclosed where it is expressed that Landing "organized an activity consisting of an act in support of the student Robert Yoder Hernández which was carried out from 10:30 to 11:30 in the morning of the said day [November 13, 1969], in the entrance and lobby of the General Studies Amphitheater." It also states that during the act two students addressed a group, preventing free transit to the General Studies Building of the university, without having requested nor having obtained permission for the same, Landing having limited himself to inform, fourteen minutes before the commencement of the act, that he had organized the activity in question, all in violation of section 7 of Art. X of the General Student Regulations.

The interveners basically attack the validity of the said rule provision because the same constitutes a violation of their constitutional rights of freedom of expression, of assembly, and studying. Their petition for a restraining order is predicated on the serious and irreparable damages which would be caused them if the sanctions which would entail the interruption of their studies in the said institution were applied to them.

Jointly with the so-called petition for a restraining order the interveners filed a petition for a temporary restraining order to prevent a hearing set by the Discipline Board to be held on February 3 and 4, 1970, and to hold the status quo until the constitutional questions raised were decided.

The trial court sustained the petition for a temporary restraining order, without notice to the adverse party, on the same date that it was filed, that is, January 30, 1970, and without it appearing from the record that the court had

for its consideration any other document, allegation, writing or proof than the ones already mentioned. Consequently it ordered defendants to restrain from continuing the administrative proceedings against the interveners announced for February 3 and 4, 1970, ordering besides that the status quo be maintained until the interveners' allegations contained in the said petitions for a restraining order and a temporary restraining order be decided. The court set the hearing for the discussion of the petition for a restraining order for February 13, 1970, that is, four days after the expiration of the term of ten (10) days of duration of the order required by Rule 57.2.[1]

Against the restraining order, the defendants appealed to this Court in the present appeal, and in aid of our jurisdiction they requested and we granted them an order that set aside the order of the trial court and paralyzed the procedures in said court until we would determine otherwise. Subsequently we issued a writ to review the proceedings of the trial court.

The defendants assign eight errors committed by the trial court. It will suffice to consider the first error which goes to the gist of the remedy requested by the interveners, and which is sufficient to decide the contentions raised before us:

---

[1] The order was entered without a fixed term despite the provisions of Rule 57.2 of the Rules of Civil Procedure of 1958 which fixes a term of ten (10) days for the effectiveness of temporary restraining orders issued without notice to the adverse party, unless, within the time so fixed, the order be extended for good cause shown, that should be entered of record, or with the consent of the adverse party. 32 L.P.R.A. App. II, R. 57.2. See, 7 Moore, *Federal Practice*, par. 65.07, 2d ed., *Benítez* v. *Anciani*, 127 F.2d 121 (1st Cir. 1942), *cert. den.*, 317 U.S. 699 (1943) (if no term is expressed, the order expires within ten (10) days). Even more, the order entered having been issued for an indeterminate time, that is until the resolution of the permanent injunction, is tantamount to a preliminary injunction which shall not be issued without notice to the adverse party. 32 L.P.R.A. App. II, R. 57.1. See, 7 Moore, *Federal Practice*, *supra*, par. 65.05 (comparison between temporary restraining order and preliminary injunction).

"The order issued by the court has the effect of paralyzing or restraining an act authorized by law of a public corporation without it having been determined that such act is unconstitutional or invalid."

Let us examine the provisions of law relative to the petition for injunction against the acts of public officers, or public agencies or corporations.

Section 678 of the Code of Civil Procedure, 1933 edition, as amended by § 3 of Act No. 1 of February 25, 1946, 32 L.P.R.A. § 3524, insofar as pertinent, provides:

"An injunction or restraining order cannot be granted:

" .      .      .      .      .      .      .      .

"3. To restrain the application or enforcement of any statute of the Legislature of Puerto Rico, or the performance by a public officer, a public corporation, or a public agency, or by any employee or officer of such corporation or agency of any act authorized by a law of the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable, and unreviewable judgment that such statute or act authorized by law is unconstitutional or invalid.

"Any injunction, preliminary, permanent, or of the nature of a restraining order, including any order to enforce the jurisdiction of a court or to secure the enforcement of any judgment, issued under the circumstances set forth in this clause 3 and in force on the date this Act takes effect, or which may hereafter be issued, shall be null and ineffective."

The Statement of Motives of Act No. 1 of 1946, previously cited, 32 L.P.R.A. § 3524, History, recognizes the presumption of constitutionality of the acts of public administrators authorized by law. It reads thus:

"Section 1.—Statement of Motives.—Any law enacted by the Legislature of Puerto Rico should be deemed to be constitutionally valid unless and until it has been declared invalid by final, firm, unappealable and unreviewable judgment. The issuance of restraining orders and injunctions by inferior courts in connection with the enforcement of public statutes and other acts of

public administration disrupts the orderly processes of government and creates uncertainty and confusion in the enforcement of the law by reason of the diversity of opinions among the various judges as to the validity or constitutionality of various public statutes and acts."

In *Las Monjas Racing Corp.* v. *Racing Commission*, 67 P.R.R. 42 (1947), in construing the provision of § 678 previously cited, we said that the first determination to be made was whether the act of the public agency was one authorized by law, and not whether the act was valid or constitutional. And it is so because precisely the validity or constitutionality of the act is what should be decreed by final, firm, unappealable, and unreviewable judgment before issuing the restraining order or the writ of injunction. In other words, what is controlling is whether the act is covered by the authority granted by law to the officer, either governmental or of a public corporation or agency. See also, *Mari* v. *Vicéns*, 67 P.R.R. 442 (1947); *Jiménez* v. *Jiménez*, 71 P.R.R. 469 (1950). *Cf. Harper* v. *Jones*, 195 F.2d 705 (1952), *cert. den.*, 344 U.S. 821 (1952).

Let us see which is the authority granted by law to the University of Puerto Rico and to the defendant officers in connection with the acts to which this petition refers and the public nature of said institution under the law.

The University of Puerto Rico is a public body corporate by virtue of the Act of the University of Puerto Rico, 18 L.P.R.A. §§ 601–621, and the Mayagüez campus is an institutional unit of the said university. 18 L.P.R.A. § 603(a)(2). Its corporate powers are contained in § 602(f) which specifically provides:

"The University of Puerto Rico shall have all the attributes, prerogatives, responsibilities, and functions appertaining to a body corporate in charge of higher education, which it shall exercise through the Council. It shall have authority to sue and be sued. . . ."

The Higher Education Council is in turn expressly empowered to approve the General Student Regulations, after it is elaborated by various university organizations in the form and manner, provided by law. See, 18 L.P.R.A. §§ 605, 609, *supra.*

The said General Regulations were approved by the Council on March 30, 1968. They create a Discipline Board on each campus to entertain the cases provided by the regulations themselves, which boards are constituted by administration, faculty, and student members in the manner provided therein. They also provide the types of conduct which are subjected to disciplinary sanctions for constituting violations to the essential rules for the order and living together in the university. Article 10, Regulations. And they provide the sanctions that can be taken in connection with the various violations to the same. Article 11, Regulations. They also establish the procedure to discipline the violators of their provisions, which are the timely notice of charges, term for allegations, right to hearing, right to be assisted by counsel, right to present evidence and cross-examine witnesses. Articles 12, 13, Regulations.

The interveners do not allege that the university regulations have not been approved in accordance with the University Act, but that the said regulations are unconstitutional. Neither do they allege that the act of the above-mentioned officers does not adjust itself to the regulations. They only limit themselves to questioning the constitutional validity of § 7 in forbidding acts not authorized by the corresponding university officers within the University.

■ After examining the provisions of the University Act and of the General Student Regulations, previously cited, it is evident that the preferment of charges and the subsequent proceedings of the holding of the hearing, etc., are authorized acts. The officers involved acted in accordance with the provisions of the regulations. Their act being in conformance

with law, the same is comprised within the exclusions of the relief of injunction provided in § 678 of the Code of Civil Procedure. Any injunction, preliminary, permanent, or of the nature of a restraining order issued under such circumstances, is null and ineffective. 32 L.P.R.A. § 3524.

■■ The issuance of injunction is not an adequate relief to determine the constitutionality or validity of the act of an officer of a public entity, agency or corporation if such act is based on law. An ordinary suit is necessary therefor. The Act of Declaratory Judgments provides an adequate relief which can be used to determine the validity or constitutionality of the provisions of the General Student Regulations contained in the preferment of charges. 32 L.P.R.A. § 2991 *et seq.*

■ Since it has not been shown that the acts of the university officers in question are not authorized by law or that the provisions of the General Student Regulations have been declared invalid or unconstitutional by judicial determination in a final, firm, unappealable, and unreviewable judgment, we decide that the writ of injunction to restrain defendants from performing the act in their respective capacities as officers of the University of Puerto Rico does not lie, said acts being protected by the prohibition contained in § 3524 of Title 32 of the Laws of Puerto Rico Annotated.

By virtue of the foregoing, the temporary restraining order appealed from will be set aside and the petition for a restraining order filed by the interveners in this appeal will be denied.

Mr. Chief Justice Negrón Fernández and Mr. Justice Rigau took no part in the decision of this case.